PEOPLE v. BARRON.

1. Criminal Law—Breaking and Entering in the Nighttime—Corpus Delicti—Admissions and Confessions.

   The *corpus delicti* of the crime of breaking and entering in the nighttime is not established solely by the extrajudicial admission or confession either of the accused or of another who has admitted his participation in the offense (CL 1948, § 750.110).

2. Same—Corpus Delicti—Admissions and Confessions.

   Once the *corpus delicti* of a crime has been established, extrajudicial admissions or confessions of another participant than the one charged with crime are admissible and a conviction may then be had upon the uncorroborated evidence of a professed accomplice.

3. Same—Breaking and Entering in the Nighttime—Corpus Delicti—Elements.

   The elements of the *corpus delicti* of the crime of breaking and entering in the nighttime are (1) that the premises must have been broken and entered, (2) that whoever did the breaking and entering entertained at the time a felonious intent, and (3) that the breaking and entering occurred in the nighttime (CL 1948, § 750.110).

---

References for Points in Headnotes

[1, 2] 13 Am Jur 2d, Burglary § 48.
[3] 13 Am Jur 2d, Burglary §§ 8, 10, 22, 24.
[4] 13 Am Jur 2d, Burglary § 45.
[5] 29 Am Jur 2d, Evidence § 539 *et seq*

4. SAME—BREAKING AND ENTERING IN THE NIGHTTIME—CORPUS DE-
   LICTI—EVIDENCE.

    *Corpus delicti* of crime of breaking and entering was established
   where evidence showed that door of dry cleaning outlet had
   been smashed in, that clothing littered the interior of the
   store, that many articles of clothing were missing, and judicial
   notice was taken of the fact that the premises were in a
   heavily populated metropolitan area, and means of entry
   presented question for jury of whether the breaking and
   entering took place in the nighttime (CL 1948, § 750.110).

5. SAME—CORPUS DELICTI—ADMISSIONS AND CONFESSIONS—ACCOM-
   PLICE.

    Admission in trial court of confession of accomplice to breaking
   and entering in the nighttime after *corpus delicti* had been
   established *held*, proper since the admission or confession of
   an accomplice to a crime may be admitted and may be the
   sole basis for the conviction of the accused once the *corpus
   delicti* has been established (CL 1948, § 750.110).

Appeal from Court of Appeals, Division 1, Lesin-
ski, C. J., and J. H. Gillis and Watts, JJ., denying
application for delayed appeal from Recorder's
Court of Detroit, Krause (Paul E.), J. Submitted
November 14, 1968. (Calendar No. 14, Docket No.
51,296.) Decided December 27, 1968.

Preston Barron was convicted of breaking and
entering in the nighttime. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Samuel J. Torina,* Chief Ap-
pellate Lawyer, and *Luvenia D. Dockett,* Assistant
Prosecuting Attorney, for the people.

*Edward F. Bell* and *Richard J. Coon,* for defend-
ant.

O'HARA, J.   The precise question presented by this appeal cannot arise again absent legislative action.[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305), prior to amendment, imposed different penalties for breaking and entering with intent to commit any felony dependent upon whether such breaking and entering was committed in the daytime or nighttime. By PA 1964, No 133, effective August 28 of that year, the distinction was eliminated.

The issue before us is the quantum of proof necessary to the establishment of the *corpus delicti* of the crime of breaking and entering with felonious intent in the nighttime.   Defendant contends this is crucial because the testimony which implicated him was supplied by an admitted participant in the offense. He argues that if the proof of the *corpus delicti* of the crime was not established independent of the testimony of the participant, it was not proper to receive that testimony.   He contends that if the testimony other than that of the participant fell short of its purpose, the testimony implicating him was erroneously received and the case against him must fall.   Certainly this is the settled rule as to the extrajudicial confession or admission of an accused himself.   This is established in many cases in our State.   We choose to cite *People* v. *Kirby* (1923), 223 Mich 440.   We choose it, though a split decision as to the degree of proof necessary before the admission of the confession, the divided Court was unanimous as to the proposition above stated.

Mr. Justice WIEST addressed himself to the principle:

---

[1] An additional ground for leave to appeal was raised by the application. It concerned the mode of payment for the trial transcript by Wayne county. This issue was rendered moot by agreement of the parties.

"This Court has ever been firm in requiring proof of the commission of a crime outside of an extrajudicial confession." *Kirby, supra,* p 449.

Further in the opinion he succinctly observed:

"There can be no criminal without a crime in fact committed." *Kirby, supra,* p 452.

For those Justices holding the degree of proof in that case sufficient to establish the *corpus delicti* dehors the confession the same basic rule is approved:

"The rule stated by Mr. Justice MOORE that the *corpus delicti* may not be proven by an extrajudicial confession alone seems to be well established in this State, since *People* v. *Lane* (1882), 49 Mich 340, was decided. It has been consistently followed in the cases cited and quoted from by him." *Kirby, supra,* p 453.

Since then it is the settled rule that the *corpus delicti* cannot be established solely by the extrajudicial admission or confession of the accused, it would seem a logical contradiction to hold it could be established solely by the extrajudicial admission or confession of another who has admitted his participation in the events said to constitute the offense charged. We here so hold. This is not to say, and we would not be understood to mean that once the *corpus delicti* has been established—that is that the elements of the offense charged have been established and hence that someone committed that offense—extrajudicial admissions or confession of another participant are not admissible. They are. We have held that the weight and credibility of such admissions or confession are solely for the jury. Indeed, we have held that when properly admitted after the *corpus delicti* has been established, a jury

may convict upon the uncorroborated evidence of a
professed accomplice.

"We think the credibility of an accomplice, like
that of any other witness, is exclusively a question
for the jury; and it is well settled that a jury may
convict on such testimony alone without confirma-
tion." *People* v. *Jenness* (1858), 5 Mich 305, 330.

Perforce then we turn to the testimony and other
evidence exclusive of that of the professed partici-
pant to determine whether such testimony and evi-
dence established the *corpus delicti* of the crime of
breaking and entering in the nighttime with intent
to commit a felony. What are those elements?
They are three. First, someone broke and entered
the premises. Second, whoever did it entertained
at the time a felonious intent. Third, the breaking
and entering occurred in the nighttime.

Herewith the relevant facts. The building in-
volved was a receiving station for a dry-cleaning
establishment. Customers could drop off garments
there and pick them up after cleaning. Its manager
testified that a police officer phoned him around
midnight on November 30, 1962 and informed him
that the premises appeared to have been forcibly
entered. He responded to the call. The officers
were still there when he arrived. The whole back
door was broken off and "smashed out completely."
He entered and found clothes strewn around the
floor; some were lying out in the alley. The com-
pany operating the establishment paid out $1,800
for clothes left there and for which receipt claim
tickets had been issued but which were missing and
could not be returned to the ticket holders. One
employee left the premises at 3 p.m. She testified
that at the time she left, the rear door was locked
shut. The employee who followed her worked from
3 p.m. to 8 p.m. on Monday through Thursday and

until 9 p.m. on Fridays and Saturdays. She was no longer employed there at the time of trial and did not testify. Officers in a cruise car testified they were hailed by a citizen in the vicinity of the premises. After conversation with the citizen, the details of which are not part of the record, they went to the establishment and found the door broken in. Thereafter an arrest was made. It was after the arrest that one William Bryant admitted his complicity in the break-in and identified appellant as a participant. Bryant so testified on trial.

Very early in our reported cases we held:

"Direct proof of the *corpus delicti* cannot always be obtained. It and the defendant's guilt can rest together on one foundation of circumstantial evidence." *People* v. *Hawksley* (1890), 82 Mich 71, 73.

Proof of the breaking and entering with felonious intent was ample. The smashed in door and the missing garments were adequate proof of these elements. The only remaining question is the time of the offense. As to this element we think the case falls within the reasonable holding of *People* v. *Dupree* (1893), 98 Mich 26, in which the defendant raised the same question of proof. This Court said:

"The house was situated in a city. * * * Is it probable, considering the public character of the place, that the breaking and entering were done in the daylight? * * * Such crimes are not committed in broad daylight, but in the nighttime. The question was one for the jury." *Dupree, supra,* pp 28, 29.

The premises here were located at 8356 Twelfth street in the city of Detroit. Surely, we can take judicial notice of the fact that this is in a heavily populated area in our State's largest city. Entry was effected by breaking down a door. We think, as

did the Court of 1894, that the question of whether it took place in the nighttime was for the jury.

The *corpus delicti* was adequately established before the admission of the testimony of the admitted accomplice. That testimony was therefore properly admitted. We find no error. The judgment of conviction is affirmed.

DETHMERS, C. J., and KELLY, ADAMS, and T. E. BRENNAN, JJ., concurred with O'HARA, J.

BLACK and T. M. KAVANAGH, JJ., concurred in result.