PEOPLE v SMITH (ON REHEARING)

Docket No. 77-4427. Submitted June 21, 1978, at Lansing.—Decided April 16, 1979. Leave to appeal applied for.

Defendant Otis L. Smith was an inmate at Jackson Prison when he was transferred, in the custody of prison guards, to Foote Memorial Hospital in Jackson for medical treatment. While at the hospital defendant obtained the guard's revolver, not knowing that the revolver had been secretly unloaded in accordance with prison regulations. Defendant pointed the revolver at the guard, warned him not to move or he would be killed, and, when the guard moved toward defendant, pulled the trigger twice. The guard wrested the revolver from defendant, and defendant fled from the ward. The guard pursued defendant, tackled him and returned him to the ward. Defendant was charged with assault with intent to commit murder, attempted murder, possession of a firearm in the commission of a felony and escape from prison.

At the close of the prosecution's proofs, defendant moved for directed verdicts of acquittal. The Jackson Circuit Court, Gordon W. Britten, J., dismissed the assault with intent to murder charge on the basis that the guard, knowing the revolver to be unloaded, knew the defendant did not have the means to assault him, dismissed the attempted murder charge on the ground that defendant's acts did not fall within the acts prohibited by the statute, and refused to instruct the jury on the prison escape charge but rather instructed the jury under the general attempt statute as to attempted prison escape. A mistrial was declared when the jury was unable to reach a verdict on the attempted prison escape charge and the possession of a firearm in the commission of a felony charge.

The people appealed, on leave granted, raising two issues: (1)

REFERENCES FOR POINTS IN HEADNOTES

[1] 6 Am Jur 2d, Assault and Battery § 20.

40 Am Jur 2d, Homicide §§ 565, 566, 568–582.

[2] 6 Am Jur 2d, Assault and Battery §§ 3–7, 10, 37.

[3] 6 Am Jur 2d, Assault and Battery §§ 6, 10, 22, 32–36.

[4] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 1, 4.

60 Am Jur 2d, Penal and Correctional Institutions § 1.

[5] 4 Am Jur 2d, Appeal and Error § 268.

whether, under the circumstances, the trial court erred in dismissing the assault with intent to commit murder and attempted murder charges; and (2) whether, under the circumstances, the trial court erred in instructing the jury under the general attempt statute rather than the prison escape statute. Subsequent to the release of an unpublished opinion on the questions briefed and argued by the parties, the Court of Appeals, on its own motion, granted a rehearing on the question of whether the Court may order retrial on the intent to commit murder and prison escape charges. *Held:*

1. The statutes providing for punishment for the crimes of assault with intent to murder and attempted murder define mutually exclusive crimes.

2. A simple criminal assault is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.

3. A person is guilty of a criminal assault, notwithstanding the absence of an actual present ability to commit a battery, where the person intends to commit a battery and perpetrates acts sufficiently proximate to that end to constitute an attempt.

4. A prison, for the purpose of the prison escape statute, includes a hospital to which a prisoner has been taken under custody for the purpose of medical care.

5. The appeal of the prosecutor of the dismissal of the charges is barred by the double jeopardy clauses of the Federal and state constitutions because, although based on an erroneous interpretation of governing legal principles, the dismissal of the charges constituted acquittals on the merits.

Appeal dismissed.

1. HOMICIDE — CRIMINAL LAW — ASSAULT WITH INTENT TO COMMIT MURDER — ATTEMPTED MURDER — STATUTES.

The statutes providing for punishment for assault with intent to commit murder and attempted murder define mutually exclusive crimes, with attempted murder proscribing those attempts at murder not within the ambit of the assault with intent to commit murder statute because of the lack of an assault (MCL 750.83, 750.91; MSA 28.278, 28.286).

2. ASSAULT AND BATTERY — CRIMINAL ASSAULT — ATTEMPTED BATTERY.

A simple criminal assault is made out from either an attempt to

commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.

3. ASSAULT AND BATTERY — CRIMINAL ASSAULT — ATTEMPTED BATTERY — PRESENT ABILITY.

A person is guilty of a criminal assault, notwithstanding the absence of an actual present ability to commit a battery, where the person intends to commit a battery and perpetrates acts sufficiently proximate to that end to constitute an attempt.

4. ESCAPE — CRIMINAL LAW — STATUTES — ESCAPE FROM PRISON.

A prison, for the purpose of the prison escape statute, includes grounds under the control of persons authorized by the Department of Corrections to have prison inmates under their care, custody, or supervision outside an institution for the purpose of medical treatment (MCL 750.193; MSA 28.390).

5. APPEAL AND ERROR — PROSECUTOR'S APPEAL — DOUBLE JEOPARDY — DISMISSAL OF CHARGES.

An appeal by a prosecutor is barred by the double jeopardy clauses of the Federal and state constitutions where such appeal concerns the dismissal, during trial, by the trial court of charges on the basis of the trial court's evaluation of the evidence and its legal sufficiency, even if the dismissal results from the trial court's erroneous evidentiary ruling or erroneous interpretation of the governing legal principles.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Adams, Goler & Williams,* for defendant on appeal.

Before: R. B. BURNS, P.J., and D. F. WALSH and M. E. CLEMENTS,* JJ.

## ON REHEARING

D. F. WALSH, J. The prosecutor appeals from the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court's dismissal of three charges arising out of the defendant's unsuccessful escape from the custody of a prison guard. A preliminary statement of facts is necessary to our discussion.

Defendant, an inmate at Jackson Prison, had been transferred to Foote Memorial Hospital in Jackson for medical treatment. During his stay there he was in the custody of prison guards.

The incident occurred when Officer Eldridge, a prison guard, brought another inmate into the defendant's ward. Once in the room, Eldridge, pursuant to prison regulations, proceeded to the restroom and secretly unloaded his revolver. When Eldridge returned, the second inmate created a disturbance, apparently distracting the officer sufficiently to allow the defendant to obtain the revolver. Thereupon, the defendant pointed the gun at Eldridge and told him not to move or he would kill him. When Eldridge stepped toward him, the defendant pointed the revolver at the guard's chest and twice pulled the trigger.

After Eldridge wrested the gun from him, the defendant ran out of the room and down the corridor. Eldridge pursued, tackled the defendant, and returned him to the ward.

The information brought against the defendant charged him with assault with intent to commit murder, MCL 750.83; MSA 28.278, possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), prison escape, MCL 750.193; MSA 28.390, and attempted murder, MCL 750.91; MSA 28.286.

At the close of the prosecution's presentation of its proofs to the jury the defendant moved for

directed verdicts of acquittal. The trial court dismissed the assault charge on the ground that Eldridge, knowing the revolver to be unloaded, knew that the defendant did not have the means to assault him. The attempted murder count was dismissed on the trial court's ruling that the defendant's act did not fall within the nature of the acts prohibited by the statute. The lower court also ruled that the people had not proven a completed escape, and, therefore, instructed the jury under the general attempt statute, MCL 750.92; MSA 28.287, rather than the prison escape statute.

Thus, the jury was instructed only on the charges of attempted prison escape and possession of a firearm in the commission of a felony. The trial court declared a mistrial and discharged the jury when they were unable to agree on a verdict.

On appeal the prosecutor raises two issues:

(1) Did the trial court err in dismissing the counts charging assault with intent to murder and attempted murder?

(2) Did the trial court err by instructing the jury only under the general attempt statute rather than under the prison escape statute?

I

The statutory provisions involved in the first issue are as follows:

"Any person who shall assault another with intent to commit the crime of murder, shall be guilty of a felony, punishable by imprisonment in the state prison for life or any number of years." MCL 750.83; MSA 28.278.

"Any person who shall attempt to commit the crime of murder by poisoning, drowning, or strangling another person, *or by any means not constituting the crime of assault with intent to murder,* shall be guilty

of a felony, punishable by imprisonment in the state prison for life or any term of years." MCL 750.91; MSA 28.286. (Emphasis added.)

Two things are apparent on the faces of the respective statutes. One is that they define mutually exclusive crimes. See, *People v Cooper,* 58 Mich App 284; 227 NW2d 319 (1975), *rev'd on other grounds,* 398 Mich 450; 247 NW2d 866 (1976). The other is that the attempt statute, MCL 750.91; MSA 28.286, is designed to proscribe and punish those attempts at murder not within the ambit of the assault with intent to murder statute, MCL 750.83; MSA 28.278, because of the lack of an assault. Perkins, Criminal Law (2d ed), p 119.

Given the plain language of the attempted murder statute, we find that the trial court clearly erred in dismissing both counts. Insofar as the evidence amply demonstrated that the defendant tried to murder the prison guard, he necessarily violated one of the above provisions: if by assault, he was guilty of assault with intent to murder; if "by *any* means not constituting the crime of assault with intent to murder", he was guilty of attempted murder.

The question remains as to which statute applied to the defendant's actions. Resolution of that issue turns on whether an assault was committed where the defendant, thinking that the revolver was loaded, attempted to discharge it into the chest of the prison guard, who knew that the weapon was not loaded.

In the recent case of *People v Sanford,* 402 Mich 460, 479; 265 NW2d 1 (1978), the Supreme Court defined criminal assault as follows:

"We adopt what Perkins on Criminal Law (2d ed), p 117, says is the majority rule, namely 'a simple crimi-

nal assault "is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery" '."

In the instant case the victim could not have had a reasonable apprehension of receiving an immediate battery because he knew that the gun was incapable of being fired. If the defendant was guilty of an assault it was because he attempted a battery.

There is little doubt that defendant attempted battery when he tried to discharge the revolver into the guard's chest. However, the defendant argues that he nevertheless was not guilty of an assault because he lacked the "present ability" to carry out the battery. We believe that his argument misconstrues the case law upon which he relies.

Confusion regarding the so-called "present ability" requirement derives from certain language in the Supreme Court's opinion in *People v Lilley*, 43 Mich 521; 5 NW 982 (1880). See *People v Cooper, supra.* In order to illustrate the inaccuracy of counsel's interpretation of that case, we cite the passage in question in its entire context.

"The instruction as given would seem to lay down the general proposition 'that any intent to commit violence accompanied by acts which, if not interrupted, will be followed by bodily injury, is sufficient to constitute an assault, although the assailant may not be at any time within striking distance.' Now there may be an intent to commit violence, and this accompanied by acts preparatory thereto, which if followed up would clearly constitute an assault, yet owing to the distance and surrounding circumstances, no possible assault would have been committed. Thus, one with a direct intent to do grievous bodily harm may purchase a deadly

weapon, or having one he may, with like intent, put it in a condition to use with deadly effect. Yet if the act stop here, it may as a general proposition be said the party could not be convicted of an assault, and this irrespective of what may have caused the party to proceed no farther in the attempt. *Other facts must be added, and this we shall see must be a present ability to carry out the intent.* The act done must have been sufficiently proximate to the thing intended. It may be so remote, although a distinct and essential act, coupled with the intent, as to fall far short of constituting an assault. The act done must not only be criminal but it must have proceeded far enough towards a consummation thereof, and this must necessarily be a question for the jury under proper instructions. 1 Bishop Cr. L., ch 26; also § 323. So, clearly, where the intent is formed and some act done in performance thereof, but the party voluntarily abandons his purpose, or is prevented from proceeding farther, and this while at a distance too great to make an actual assault, he could not be convicted of an assault." 43 Mich at 524-525. (Emphasis added.)

It is the italicized sentence that purportedly established the "present ability" requirement. For the reasons hereinafter stated we reject the argument that an assault conviction requires proof that the defendant not only attempted a battery but also possessed the actual means to inflict that battery.

First, given the context of the "present ability" language in *Lilley,* it is apparent that the Court was discussing the necessity of the criminal act being sufficiently proximate to the intended battery to constitute an attempt. *Lilley* did not involve the question whether the defendant had the actual means to execute the battery, but whether the defendant's acts had proceeded far enough toward that end to constitute an assault. To construe *Lilley* as supporting the instant defendant's

contention is to lift a sentence totally out of context and give it a meaning unintended by its author.[1] We decline to do so.

Second, we have been unable to discover any Michigan case in which an assault conviction based upon an attempted battery was precluded merely because of the factual impossibility of executing the battery. But *cf. People v Doud,* 223 Mich 120; 193 NW 884 (1923).[2]

Third, the rule urged upon us by the defendant has no rational foundation in law or in policy. Factual impossibility has never been a defense to a criminal attempt. *People v Tinskey,* 394 Mich 108; 228 NW2d 782 (1975), *People v Jones,* 46 Mich 441; 9 NW 486 (1881). Furthermore, we perceive no good reason for exculpating a defendant charged with attempted battery because fortuitous circumstances unknown to him prevented his achieving his criminal object. The instant case amply demonstrates the absurdity of such a rule.

Accordingly, we hold that if a defendant intends to commit a battery and perpetrates acts sufficiently proximate to that end to constitute an attempt,[3] he is guilty of a criminal assault not-

---

[1] For a discussion suggesting the origin and development of the misunderstanding surrounding the "present ability" requirement, see Perkins, Criminal Law (2d ed), p 120.

[2] In a particularly cryptic opinion the *Doud* Court seemed to hold that where a defendant fires a gun at another, mistakenly believing the weapon to be loaded, he may be convicted of a simple assault but not a felonious assault. The Court did not favor us with any reasoning, but merely prefaced its holding with citations to a number of cases from foreign jurisdictions. Insofar as *Doud* involved a charge of felonious assault, which it apparently distinguished from simple assault in the manner already noted, we find its applicability limited to the precise issue that it addressed. See 2 Michigan Criminal Jury Instructions (Ann Arbor: Institute of Continuing Legal Education, 1977), Assault—Commentary, p 17-27.

[3] See *People v Coleman,* 350 Mich 268; 86 NW2d 281 (1957), for a discussion concerning the degree of consummation necessary to constitute an attempt.

withstanding the absence of his actual present ability[4] to commit the battery. Thus, insofar as the evidence presented was sufficient to establish that the defendant committed an assault, the trial court correctly dismissed the count charging attempted murder, *People v Cooper, supra,* but erred by refusing to instruct the jury on the charge of assault with intent to commit murder.

II

The trial court refused to instruct for possible conviction of prison escape under MCL 750.193; MSA 28.390, because it found that subsection 3 of that statute did not prohibit attempted escapes. We need not address the precise issue raised by that ruling because we find that the defendant's attempted escape was prohibited by subsection 1 of the above provision.

The statute under discussion reads as follows:

"Sec. 193. (1) Any person, being imprisoned in any prison of this state for any term, who shall break prison and escape, or break prison though no escape be actually made, or shall escape, or shall leave the prison without being discharged from the prison by due process of law, or shall attempt to break prison or escape therefrom, shall be guilty of a felony, punishable by further imprisonment for not more than 5 years, such term of further imprisonment to be served after the termination, pursuant to law, of any sentence or sentences then being served. Such prisoner who shall break prison or escape or attempt to break prison or attempt to escape as aforesaid, shall be charged with that of-

_____
[4] In so holding we are not eliminating the "present ability" requirement mentioned in *Lilley* and more recently in *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978); we are merely construing and applying it in a manner consistent with the intent of the authors of *Lilley,* with the historic common-law definition of assault, and with common sense.

fense and tried in the courts of the county wherein are located the administrative offices of the prison or other penal facility to which the prisoner was committed or transferred, at the time of the breaking, escape, or attempt to break or escape.

"(2) The word 'prison' as used in this section shall include any Michigan state prison, penitentiary, reformatory, state house of correction, camp constructed and maintained under the provisions of Act No. 274 of the Public Acts of 1949, as amended, being section 798.351 of the Compiled Laws of 1948, or any penal camp, except probation camps or probation recovery camps, and shall further include the grounds, farms, shops, road camps or places of employment operated by such institution or under control of the officers thereof, or the department of corrections, or of any police officers of this state, or of other persons authorized by the department to have prison inmates under their care, custody or supervision, either in an institution or outside an institution, whether for the purpose of work or medical care or otherwise.

"(3) Escaping from the lawful custody of any guard or prison official or employee while outside the confines of such prison shall be deemed to be a violation of this section. A person who is released from prison under a work pass program and who violates the terms of such release or who fails to return to his place of imprisonment within the time provided is guilty of a violation of this section. Any person violating the conditions of his parole shall not be deemed to be an escapee under the amendatory provisions of this act." MCL 750.193; MSA 28.390.

Subsection 1 of the above statute prohibits *inter alia* any "attempt to break prison or escape therefrom". By refusing to instruct the jury on anything but attempted escape under the general attempt statute, MCL 750.92; MSA 28.287, the trial court implicitly ruled that no violation of subsection 1 had been demonstrated. In view of the clarity with which that section includes at-

tempts to escape from prison, we must assume that the court found that Foote Hospital did not constitute a "prison" as defined by subsection 2. That finding was erroneous.

In pertinent part, the statute defines a prison, *inter alia,* as including "the grounds * * * under control of * * * persons authorized by the department to have prison inmates under their care, custody or supervision * * * outside an institution * * * for the purpose of * * * medical care". Under that definition the defendant was in prison at the time of the incident; hence, his actions were prohibited by subsection 1 of the statute.

### III

Although based on the trial court's erroneous interpretation of relevant legal principles, the rulings regarding the assault with intent to commit murder, attempted murder, and prison escape charges nonetheless amounted to acquittals on the merits on those charges. The trial court evaluated the prosecution's evidence and determined that it was legally insufficient to support convictions of those offenses. The double jeopardy clause bars government appeal from such determinations. *United States v Scott,* 437 US 82, 97; 98 S Ct 2187, 2197; 57 L Ed 2d 65, 78 (1978). When a criminal defendant has been acquitted, retrial on the same offense is barred even if the legal ruling underlying the acquittal was erroneous. *Sanabria v United States,* 437 US 54, 64; 98 S Ct 2170, 2179; 57 L Ed 2d 43, 54 (1978), *Fong Foo v United States,* 369 US 141; 82 S Ct 671; 7 L Ed 2d 629 (1962). The essential character of an acquittal is not altered depending on whether it results from an erroneous evidentiary ruling or an erroneous interpretation of governing legal principles. *United States v*

*Scott, supra,* at 98; 98 S Ct at 2197; 57 L Ed 2d at 79.

In this case, defendant did not elect to seek termination of the trial on grounds unrelated to his guilt or innocence of the charged offenses. Compare *United States v Scott, supra.* On the contrary, the trial court's rulings led to erroneous resolutions in defendant's favor on the merits of these charges. The double jeopardy clause absolutely bars a second trial on the charges to which those rulings were addressed. *Sanabria v United States, supra,* at 78; 98 S Ct at 2186; 57 L Ed 2d at 63.

In *People v Keith Lester,* 78 Mich App 661; 261 NW2d 33 (1977), this Court found that the defendant had been acquitted and that the prosecutor's appeal was barred by the double jeopardy provisions of the Federal and state constitutions. Although *Lester* cited *United States v Jenkins,* 420 US 358; 95 S Ct 1006; 43 L Ed 2d 250 (1975), which was overruled by the Supreme Court in *United States v Scott, supra,* the result in *Lester* was fully supported by the Supreme Court's holdings in the above cited cases. Under the *Lester* holding, the prosecution's appeal in the instant case is barred by the double jeopardy clauses of the Federal and Michigan constitutions. Also see *People v Killingsworth,* 80 Mich App 45; 263 NW2d 278 (1977).[5]

---

[5] The instant case was argued before this Court in June 1978. At that time the Court considered all issues raised by the parties. The double jeopardy implications of the appeal were not discussed by the parties. An opinion was issued.

On June 14, 1978, the United States Supreme Court decided several cases dealing with various aspects of the double jeopardy clause. Included were *Sanabria v United States, supra,* and *United States v Scott, supra.* In light of those cases, this Court, on its own motion, granted rehearing in the instant case to allow discussion of the double jeopardy implications of this prosecution appeal.

Publication of the original opinion, which had been released to the parties, was held in abeyance pending resolution of this issue. Only this amended opinion will be published.

For the foregoing reasons the prosecution's appeal in this case must be and hereby is dismissed.