## PEOPLE v KILLARNEY

Docket No. 78-2326. Submitted November 8, 1979, at Lansing.—Decided February 6, 1980.

Thomas J. Killarney was charged with felonious assault. At trial the defendant moved for a directed verdict. The Jackson Circuit Court, Gordon W. Britten, J., granted the motion on the ground that the prosecution had failed to show that the defendant's action had placed anyone in fear. The prosecution appeals. *Held:*

It was not necessary to establish that the defendant's actions had placed anyone in fear in order to establish that an assault took place. The trial court erred when it granted the defendant's motion for a directed verdict. However, retrial of the defendant is barred by the constitutional prohibitions against double jeopardy since the trial court's decision was a determination of guilt or innocence on the facts of the case.

Reversed, but retrial barred because of double jeopardy considerations.

1. Assault and Battery — Elements of Crime.

The crime of assault does not necessarily include as an element a requirement that the victim be put in reasonable fear of immediate harm.

2. Assault and Battery — Intentional Attempt to Harm — Reasonable Fear of Battery.

A criminal assault may occur where there is an intentional attempt or offer to harm another, together with the present ability to act; felonious assault may be established by the showing of an intent by a defendant to put a victim in reasonable fear or apprehension of an immediate battery.

References for Points in Headnotes
[1] 6 Am Jur 2d, Assault and Battery § 4.
[2] 6 Am Jur 2d, Assault and Battery §§ 2-6, 10, 13, 22, 32, 49.
[3] 21 Am Jur 2d, Criminal Law §§ 165, 214 *et seq.*
    58 Am Jur 2d, New Trial § 9.

3. CONSTITUTIONAL LAW — PROSECUTOR'S APPEAL — DOUBLE JEOP-
    ARDY — DISMISSAL OF CHARGES — RETRIAL — APPEAL AND
    ERROR.

    Retrial of a defendant after a successful appeal by a prosecutor is
    barred by the double jeopardy clauses of the Federal and state
    constitutions where the appeal concerns the dismissal, during
    trial, by the trial court of charges on the basis of the trial
    court's evaluation of the evidence and its legal sufficiency.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *John L. Wildeboer,* Assistant Prosecuting Attorney, for the people.

*Susskind, Hedstrom & Falahee, P.C.,* for defendant on appeal.

Before: R. M. MAHER, P.J., and MACKENZIE and J. H. PIERCEY,* JJ.

PER CURIAM. The people appeal as of right from an order of the Jackson Circuit Court granting defendant's motion for directed verdict in a prosecution for felonious assault, contrary to MCL 750.82; MSA 28.277.

The court granted the motion on the ground that the people had failed to show that the defendant's actions had placed anyone in fear. While this element may suffice to establish that an assault took place, it is not a necessary element of assault. *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978). A criminal assault may occur where there is an intentional attempt or offer to harm another, together with the present ability to act. *People v Sanford, supra,* at 477, *People v Carlson,* 160 Mich 426; 125 NW 361 (1910), see *People v Syakovich,* 32 Mich App 356; 188 NW2d 642 (1971), *People v Curtis Williams,* 57 Mich App

---

  * Circuit judge, sitting on the Court of Appeals by assignment.

612; 226 NW2d 584 (1975). Moreover, felonious assault may be established by the showing of an intent by the defendant to put the victim in reasonable fear or apprehension of an immediate battery. See *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979).

The trial court erred when it granted defendant's motion for directed verdict. However, defendant may not be retried for this offense. The trial court's erroneous decision was a determination of guilt or innocence on the facts of the case. Therefore, retrial is barred by the constitutional prohibition against placing defendants in double jeopardy. *People v Smith (On Rehearing),* 89 Mich App 478; 280 NW2d 862 (1979), *Sanabria v United States,* 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978), *Fong Foo v United States,* 369 US 141; 82 S Ct 671; 7 L Ed 2d 629 (1962), *United States v Scott,* 437 US 82; 98 S Ct 2187; 57 L Ed 2d 65 (1978), *People v Killingsworth,* 80 Mich App 45; 263 NW2d 278 (1977).

Thus, we hold that the trial court erred, but that the double jeopardy provisions of the Michigan and Federal Constitutions prevent the retrial of defendant.