PEOPLE v CONTE

Docket No. 45095. Submitted October 16, 1980, at Lansing.—Decided
    March 3, 1981. Leave to appeal applied for.

Augustino C. Conte was convicted of first-degree murder, Oakland
    Circuit Court, James S. Thorburn, J. The trial court had
    granted defendant's motion to suppress his confession and
    dismissed the first-degree murder charge. The Court of Appeals,
    following an interlocutory appeal by the people, reversed the
    trial court's suppression. Defendant appeals, alleging that the
    Court of Appeals erred in reversing the trial court's suppres-
    sion of his confession and in granting leave to the people to
    make an interlocutory appeal of the trial court's dismissal of
    the first-degree murder charge, that his right against being
    placed twice in jeopardy was violated by reinstatement of the
    charge by the Court of Appeals, that the trial court erred in
    denying his motion for a mistrial, in admitting testimony by an
    accomplice to establish the corpus delicti of the crime charged,
    and in refusing his request to conduct a mid-trial voir dire
    examination of the jury, and that he was denied due process by
    an *ex parte* communication between the prosecutor and a judge
    of the Court of Appeals. *Held:*

    1. The voluntariness of defendant's confession was addressed
    and determined by the Court of Appeals in a prior interlocu-
    tory appeal by the people. That ruling is the law of the case
    and is controlling.

    2. The record reveals sufficient evidence to establish the
    voluntariness of defendant's confession.

    3. The Court of Appeals properly exercised its authority to

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 744.
[2] 75 Am Jur 2d, Trial § 202.
[3] 30 Am Jur 2d, Evidence § 1153.
[4] 4 Am Jur 2d, Appeal and Error § 50.
[4, 5] 4 Am Jur 2d, Appeal and Error §§ 231, 309.
[4, 6] 4 Am Jur 2d, Appeal and Error §§ 47, 309.
[6] 4 Am Jur 2d, Appeal and Error § 105.
[7] 7 Am Jur 2d (Rev), Attorneys at Law § 42.
[8] 47 Am Jur 2d, Jury §§ 195, 196, 200, 212.

grant the people leave to bring an interlocutory appeal of the dismissal of the charge against defendant by the trial court.

4. The reinstatement of the first-degree murder charge against defendant following dismissal by the trial court did not constitute a second trial on the same charge and did not violate defendant's right against being placed twice in jeopardy.

5. References by the prosecutor in his opening statement to statements which were arguably excludable hearsay did not amount to grounds for a mistrial. The trial court properly denied defendant's motion for a mistrial.

6. The trial court properly admitted in-court testimony by an accomplice to establish the corpus delicti of the charged offense.

7. The trial court did not err in refusing defendant's request to conduct a mid-trial voir dire examination of the jury, no abuse of discretion having been shown.

8. The communication between the prosecutor and a Court of Appeals judge violated the spirit of the Code of Professional Responsibility disciplinary rule against such communication. However, it did not violate defendant's right to due process. The prosecutor's conduct was not fundamentally unfair and shocking to the sensibilities of reasonable persons.

Affirmed.

1. APPEAL — LAW OF THE CASE.

A legal issue raised and determined on appeal may not be raised in a subsequent appeal in the same case following proceedings on remand to a lower court.

2. TRIAL — OPENING STATEMENTS — EVIDENCE.

The appropriate place for a party to make a full and fair statement of the facts which he intends to prove during a trial is in his opening statement, and the admissibility of any evidence which will be offered to prove such facts is to be determined at the time the evidence is introduced, not during the opening statement.

3. CRIMINAL LAW — CORPUS DELICTI — EVIDENCE — IN-COURT TESTI-MONY — EXTRAJUDICIAL STATEMENTS.

In-court testimony by an accomplice in a criminal case is admissible to establish the corpus delicti of a charged offense, although extrajudicial admissions or confessions of an accomplice, standing alone, are not.

4. CRIMINAL LAW — APPEAL — STATUTES — COURT RULES.

Appeals by the people from a decision in a criminal case to the Court of Appeals, like those of all other litigants, are governed

by the Revised Judicature Act of 1961 and court rules: final judgments are appealable as of right, interlocutory orders are appealable by leave granted (MCL 600.308; MSA 27A.308, GCR 1963, 806).

5. CRIMINAL LAW — APPEAL — STATUTES.

The right of the people to seek leave to appeal any judgment, order, act, or failure to act by a circuit court in a criminal case to the Court of Appeals is not restricted by a statute referring to review by the Supreme Court and dealing with a now-obsolete court structure (MCL 770.12; MSA 28.1109).

6. CRIMINAL LAW — REINSTATEMENT OF CHARGES — DOUBLE JEOPARDY.

The Court of Appeals has the authority to grant the people leave to appeal an interlocutory ruling by a circuit court in a criminal case dismissing a first-degree murder charge against a defendant, and a reinstatement of the charge by the Court of Appeals does not constitute a second prosecution of the defendant on the same charge nor a violation of his right to be free from being placed twice in jeopardy.

7. CRIMINAL LAW — PROSECUTING ATTORNEYS — COMMUNICATION WITH JUDGES — PROFESSIONAL MISCONDUCT.

Violation by a prosecutor of the spirit of the Code of Professional Responsibility disciplinary rule prohibiting *ex parte* communication between an attorney and a judge before whom a case is pending does not amount to a violation of due process where the prosecutor's conduct is not fundamentally unfair and shocking to the sensibilities of reasonable persons (Code of Professional Responsibility, DR 7-110[B]).

8. CRIMINAL LAW — VOIR DIRE OF JURIES.

The decision to conduct a mid-trial voir dire of a jury in a criminal case in response to an allegation that the jury's impartiality has been compromised is particularly within the discretion of the trial court, and a refusal to conduct such a voir dire constitutes error requiring reversal only where an abuse of discretion is shown.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Gerald Hale Ladue,* for defendant on appeal.

Before: M. F. Cavanagh, P.J., and T. M. Burns and R. H. Campbell,* JJ.

M. F. Cavanagh, P.J. Defendant was convicted of first-degree murder, MCL 750.316; MSA 28.548, as were codefendants Gary Wolfe and David Ovegian. The three defendants were jointly charged but tried before separate juries. Each jury returned a first-degree murder verdict. Defendant Conte appeals as of right.

Defendant raises several issues on appeal, the first of which is that the Court of Appeals committed error in reversing the trial court's suppression of the defendant's confession. The voluntariness of the confession was addressed by this Court in a prior interlocutory appeal by the prosecutor. The prior ruling concerned the same question of law and so is the law of the case and is controlling. *People v Paintman,* 92 Mich App 412; 285 NW2d 206 (1979). A legal issue raised in one appeal may not be raised in a subsequent appeal after proceedings held on remand to a lower court. *People v Drew,* 83 Mich App 57; 268 NW2d 284 (1978), *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975), *lv den* 395 Mich 793 (1975).

Even if this Court chose to look into the Court of Appeals reversal of the trial court's suppression of the confession, we find that upon a review of the whole record there was sufficient evidence for this Court to find the confession to be voluntary.

The trial court properly denied defendant's motion for a mistrial. The prosecutor's opening statement included references to statements that were

---

* Circuit judge, sitting on the Court of Appeals by assignment.

arguably excludable hearsay. Pursuant to GCR 1963, 507.1, the opening statement is the appropriate time for a party to make a full and fair statement of facts which he intends to prove during the case. The admissibility of evidence is to be determined at the time the evidence is introduced at trial not during the opening statement. Defendant's argument that the prosecutor's opening statement was improper is without merit.

Because the issue of whether the defendant's accomplice's testimony may be used to establish the corpus delicti of the crime was addressed and decided in this Court's prior ruling in this case, that decision is the law of the case and is controlling. *Paintman, supra, Drew, supra.* We reject the defendant's argument that the rule of *People v Barron,* 381 Mich 421; 163 NW2d 219 (1968), that the corpus delicti of a crime may not be established by an accomplice's extrajudicial statement is applicable here. The accomplice's statement in question here was in-court testimony and so was admissible to establish the corpus delicti of the charged offense. *People v Ochko,* 88 Mich App 737, 740-741; 279 NW2d 294 (1979).

We find defendant's fifth issue on appeal to be without merit. The majority of the Supreme Court in *People v Pummer,* 399 Mich 326; 249 NW2d 78 (1976) (KAVANAGH, C.J., and LEVIN, J., dissenting), held that criminal appeals by the people, like those of all other litigants, are governed by the Revised Judicature Act of 1961 and the Court Rules. Interlocutory orders are appealable by leave granted. MCL 600.308; MSA 27A.308, GCR 1963, 806. Both *Pummer, supra,* and *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973) T. M. KAVANAGH, C.J., T. G. KAVANAGH, J., LEVIN, J., concurring in part and dissenting in part), hold that

the restrictions on prosecutorial appeals contained in MCL 770.12; MSA 28.1109 are inapplicable to prosecutorial appeals to the Court of Appeals. Accordingly, the fact that jeopardy attached prior to the prosecutor's appeal of the dismissal of the first-degree murder charge against the defendant did not limit this Court's jurisdiction in this matter nor this Court's authority to grant the prosecutor leave to appeal that interlocutory ruling.

Defendant argues that his double jeopardy rights were violated when the first-degree murder charge was reinstated after the trial court had dismissed the charge subsequent to the time when jeopardy had attached. Here, the prosecution appealed interlocutorily the dismissal of the charge and so the defendant was not subjected to two trials. The important policy reasons barring a retrial in double jeopardy cases were not present to militate against the continuation of the case now before this Court. The instant case is distinguishable from *People v Killarney,* 95 Mich App 396; 290 NW2d 156 (1980), where the trial court's grant of the defendant's motion for a directed verdict was appealed by the prosecution and found by this Court to bar retrial based on the reasoning of *People v Smith (On Rehearing),* 89 Mich App 478; 280 NW2d 862 (1979), and *Sanabria v United States,* 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978). The interlocutory appeal of the dismissal of the charge in the instant case did not subject the defendant to a second prosecution when the Court of Appeals reinstated the charge. Likewise, the trial judge's sending of the jurors home following an order staying further proceedings from this Court was the reasonable and proper action to take. The trial court did not indicate that the release of the jurors terminated the action against

the defendant, nor did the release imply a dismissal of the jury. There was no violation of the defendant's right to be free from being placed twice in jeopardy.

The seventh issue we discuss claims defendant was denied due process by virtue of an *ex parte* telephone communication between the prosecutor and a Court of Appeals judge concerning one of the interlocutory appeals taken in this case. It is not disputed that the communication in no way involved the merits of the cause, dealing instead with the procedural mechanics of accelerating the presentment of the interlocutory issue to a panel of this Court. We agree that the communication violated not the letter but the spirit of Disciplinary Rule 7-110(B) which states:

"In an adversary proceeding, a lawyer shall not communicate, or cause another to communicate, as to the merits of the cause with a judge or an official before whom the proceeding is pending, except:

"(1) In the course of official proceedings in the cause.

"(2) In writing if he promptly delivers a copy of the writing to opposing counsel or to the adverse party if he is not represented by a lawyer.

"(3) Orally upon adequate notice to opposing counsel or to the adverse party if he is not represented by a lawyer.

"(4) As otherwise authorized by law."

Ethical Consideration 7-35, underlying Disciplinary Rule 7-110(B), encourages attorneys in their communications with judges to avoid even the appearance of impropriety. Such communications should be avoided by both attorney and judge. We do not find, however, that the communication here violated the defendant's due-process rights. The Supreme Court, in determining whether a prose-

cutor's violation of a disciplinary rule rose to the level of a violation of due process, looked to whether the attorney's conduct was "fundamentally unfair and shocking to the sensibilities of reasonable persons". *People v Green,* 405 Mich 273, 295; 274 NW2d 448 (1979). The communication here involved certainly does not rise to such a level and, accordingly, does not mandate reversal.

Defendant argues that the trial court committed error in refusing the defendant's request to conduct a voir dire examination of the jury concerning whether they had read newspaper accounts of the case during the long hiatus in the trial. The decision as to whether to conduct a mid-trial voir dire examination of the jury in response to an allegation that their impartiality has been compromised is a decision particularly within the trial court's discretion. the trial court's refusal to conduct such a voir dire examination constitutes reversible error only where an abuse of discretion is shown. *People v Bradford,* 13 Mich App 150; 163 NW2d 640 (1968), *lv den* 381 Mich 796 (1969). A review of the record reveals no abuse of discretion in the trial court's denial.

We affirm the defendant's conviction.

Affirmed.