PEOPLE v WOLFE

Docket No. 52107. Submitted March 10, 1981, at Lansing.—Decided
October 21, 1981.

Gary D. Wolfe was convicted of first-degree murder, Oakland
Circuit Court, James S. Thorburn, J. He appeals, alleging that
his right against being placed twice in jeopardy was violated
where, following a dismissal of the charge by the trial court,
the prosecutor sought and was granted a stay of the proceed-
ings by the Court of Appeals pending the outcome of the
prosecutor's interlocutory appeal of the dismissal in that court,
the charge was reinstated by the Court of Appeals following the
appeal, and he subsequently was retried and convicted on the
first-degree murder charge. *Held:*

1. The trial court's dismissal of the first-degree murder
charge was based on an erroneous assumption regarding what
constituted legally sufficient evidence.

2. The stay of proceedings and reinstatement of the first-
degree murder charge by the Court of Appeals following the
prosecutor's interlocutory appeal of the trial court's dismissal
of the charge did not subject the defendant to a second prosecu-
tion even though the prosecutor had made his opening state-
ment on a charge of second-degree murder pursuant to the
order of the trial court prior to the granting of the stay.

3. The temporary release of the jury by the trial court
following the stay and pending the outcome of the prosecutor's

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 269, 315-320.

[2] 4 Am Jur 2d, Appeal and Error §§ 47, 268.

[3] 4 Am Jur 2d, Appeal and Error § 364 *et seq.*

[4] 21 Am Jur 2d, Criminal Law § 285 *et seq.*

76 Am Jur 2d, Trial §§ 949 *et seq.,* 1100.

Separation of jury in criminal case during trial—modern cases. 72
ALR3d 131.

[5] 21 Am Jur 2d, Criminal Law § 313.

76 Am Jur 2d, Trial § 1245.

Power of court sitting as trier of fact to dismiss at close of plaintiff's
evidence, notwithstanding plaintiff has made out prima facie
case. 55 ALR3d 272.

appeal did not amount to a denial of the defendant's right against being placed twice in jeopardy. The jury was not discharged, and the defendant subsequently was tried by the original jury.

Affirmed.

MacKenzie, J., dissented. She would hold that the dismissal of the first-degree murder charge by the trial court constituted a factual acquittal of the defendant on that charge, precluding subsequent trial on the charge, the stay of proceedings and the reinstatement of the charge by the Court of Appeals following the prosecutor's appeal from the interlocutory order notwithstanding. She would reverse and remand for a new trial on the charge of second-degree murder.

### Opinion of the Court

1. Criminal Law — Reinstatement of Charges — Appeals — Double Jeopardy.

   · Prosecution of a criminal defendant on a charge of first-degree murder, reinstated by the Court of Appeals following an interlocutory appeal by a prosecutor of a dismissal of the charge by a circuit court prior to a trial and conviction of the defendant of a lesser offense, but after the prosecutor has made his opening statement on a lesser charge, does not constitute a second prosecution of the defendant on the same charge and thus does not violate the defendant's right against being placed twice in jeopardy.

2. Prosecuting Attorneys — Interlocutory Orders — Appeals.

   A prosecutor may seek leave to appeal interlocutory orders of a circuit court.

3. Criminal Law — Stay of Proceedings — Interlocutory Appeal — Double Jeopardy.

   A stay of criminal proceedings granted by a trial court upon motion of the prosecution for the purpose of pursuing an interlocutory appeal of an order of the trial court does not constitute grounds for a claim by a defendant of violation of his right against being placed twice in jeopardy upon resumption of the proceedings.

4. Criminal Law — Release of Jurors — Interlocutory Appeal — Double Jeopardy.

   The temporary release of a jury during a criminal trial by a trial court pending appeal by a prosecutor of an interlocutory order made by the trial court does not constitute grounds for a claim by a defendant that his right against being placed twice in

jeopardy was violated where the jury is not discharged and the
defendant subsequently is tried by the original jury.

Dissent by MacKenzie, J.

5. Criminal Law — Dismissal of Charges — Stay of Proceedings
   — Interlocutory Appeal — Double Jeopardy.
   An order by a trial court dismissing a first-degree murder charge
   against a defendant upon a finding of insufficient evidence to
   sustain a conviction, even though the finding is based on a
   misunderstanding by the court regarding what constitutes le-
   gally sufficient evidence, constitutes a factual acquittal of the
   defendant of the charge, precluding subsequent trial on the
   charge notwithstanding a stay of the proceedings by the Court
   of Appeals and a successful appeal of the order by the prosecu-
   tion.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Thomas S. Richards,* Assis-
tant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Wolfram, McDonald & Zip-
ser* (by *Harriet B. Rotter),* for defendant on appeal.

Before: Beasley, P.J., and Bashara and Mac-
Kenzie, JJ.

Bashara, J. Defendant was convicted by a jury
of committing first-degree premeditated murder,
MCL 750.316; MSA 28.548. He was sentenced to
life imprisonment.

The victim was Barbara Lunsford. The evidence
established that defendant conspired with Augus-
tino Conte and David Ovegian to murder Lunsford
in order to prevent her from testifying against
Ovegian in another murder trial. Defendant, Ove-
gian and Conte were concurrently convicted of
first-degree murder in the same trial by separate
juries.

Defendant asserts on appeal that he was twice

placed in jeopardy for the same offense in contravention of the Double Jeopardy Clause.[1]

On October 24, 1978, the jury was impaneled, and it was stipulated that "jeopardy had attached". On defendant's motion, the prosecutor made an offer of proof as to premeditation and deliberation. The trial court held that the evidence was insufficient to support the first-degree murder charge. This ruling was based upon the erroneous assumption that the prosecutor could not rely upon the in-court testimony of an accomplice in establishing the elements of the crime during trial. See *People v Barron,* 381 Mich 421; 163 NW2d 219 (1968).

The prosecutor immediately sought a stay of proceedings in order that an interlocutory appeal could be filed. The motion was denied by the trial court, and the prosecutor was ordered to begin his opening statement on the charge of second-degree murder.

While the prosecutor was delivering the opening statement, an associate prosecutor applied for leave to make an emergency appeal in the Court of Appeals. On the same day, this Court stayed the proceedings in the trial court. However, the stay was not received until the next jury day, October 26. Up to that time, only the prosecutor's opening statement had been given.

On October 26, 1978, by order of this Court, the first-degree murder charge was reinstated, and the matter was remanded for trial. Upon receiving the order, the trial court instructed the jurors to leave the courtroom and go about their daily lives. Trial was resumed on January 22, 1979, before the same juries. Defendant and his codefendants were convicted of first-degree murder.

---

[1] US Const, Am V, Const 1963, art 1, § 15.

The convictions of Conte and Ovegian were appealed on double jeopardy grounds, among other issues. The convictions were affirmed by this Court in *People v Conte,* 104 Mich App 73; 304 NW2d 485 (1981), and *People v Ovegian* (Docket No. 44542, decided March 18, 1981 [unreported]).

We have reviewed defendant's claim and find it to be without merit. The Court's opinion in *Conte* is well reasoned, and we adopt it herein. Crucial to the decision authored by Judge CAVANAGH is the fact that defendant was subjected to only one prosecution before one jury. The Court stated:

"Here, the prosecution appealed interlocutorily the dismissal of the charge and so the defendant was not subjected to two trials. The important policy reasons barring a retrial in double jeopardy cases were not present to militate against the continuation of the case now before this Court. The instant case is distinguishable from *People v Killarney,* 95 Mich App 396; 290 NW2d 156 (1980), where the trial court's grant of the defendant's motion for a directed verdict was appealed by the prosecution and found by this Court to bar retrial based on the reasoning of *People v Smith (On Rehearing),* 89 Mich App 478; 280 NW2d 862 (1979), and *Sanabria v United States,* 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978). The interlocutory appeal of the dismissal of the charge in the instant case did not subject the defendant to a second prosecution when the Court of Appeals reinstated the charge. Likewise, the trial judge's sending of the jurors home following an order staying further proceedings from this Court was the reasonable and proper action to take. The trial court did not indicate that the release of the jurors terminated the action against the defendant, nor did the release imply a dismissal of the jury. There was no violation of the defendant's right to be free from being placed twice in jeopardy." *Id.,* 78-79.

It is argued that *People v Anderson,* 409 Mich

474; 295 NW2d 482 (1980), not considered by the
Court in *Conte,* requires reversal. In *Anderson,* the
trial court dismissed the jury mid-trial and ac-
cepted defendant's plea to a lesser crime. The
prosecutor sought the opportunity to retry defen-
dant on the original charge. The Court held that
retrial was barred by the Double Jeopardy Clause
because the trial court's actions constituted resolu-
tion of some or all of the factual elements of the
charge. The Court stated the legal standard for
consideration of Double Jeopardy Clause claims, as
follows:

"The Clause secures the defendant's interests in (1)
the finality of judgments, and (2) protection against
multiple prosecutions.

"If a trial ends in a judgment of acquittal, both
interests are implicated, and there can be no retrial.
This has been called 'the most fundamental rule in the
history of double jeopardy jurisprudence', and is abso-
lute. It applies whether the acquittal is based on find-
ings of a judge or the verdict of a jury, and whether it
is erroneously based or brought about with the defen-
dant's voluntary participation.

"Where, however, the trial or proceeding does not
end in a judgment of acquittal or conviction, only the
second interest is implicated, and the constitutional
protections are not absolute. The defendant has an
interest in avoiding harassment from repeated proceed-
ings and in having his guilt decided by the jury impan-
eled to try him. The people, however, have a competing
interest in having one complete opportunity to try those
accused of breaking the law. Where there is no judg-
ment of conviction or acquittal, these interests are
balanced.

"If the trial or proceeding ends without the defen-
dant's consent, further prosecution is generally barred;
the defendant's 'valued right to have his trial completed
by a particular tribunal' was taken from him, and
reprosecution smacks of harassment. An exception is
recognized, and retrial permitted, where 'manifest ne-

cessity' compelled the termination of the first trial or proceeding." *Id.,* 482-484. (Footnotes omitted.)

The Court then applied the test to the case before it and concluded:

"[T]hat the judge's decision to accept Anderson's mid-trial plea and to dismiss the murder charge involved a resolution of factual elements of the offense charged, and was based on his belief, correct or incorrect, prematurely formed or not, that the evidence was insufficient to support a conviction of murder." *Id.,* 487.

We find *Anderson* to be significantly distinguishable from the case at bar. This jury had not been discharged, and defendant was not tried and convicted of a lesser offense as in *Anderson.*

A prosecutor may seek leave to appeal interlocutory orders. *People v Blachura,* 390 Mich 326; 212 NW2d 182 (1973), *Jackson County Prosecutor v Court of Appeals,* 394 Mich 527; 232 NW2d 172 (1975). Clearly, had the trial court granted the request for a stay, there would be no double jeopardy claim. However, since the proceedings were not stopped until after the prosecutor gave his opening statement, defendant asserts that he is being harassed with multiple prosecutions. We reject that contention since only one trial has occurred and only the prosecution could have been prejudiced by the fact that an opening statement was delivered for second-degree rather than first-degree murder.

Similarly, the fact that the trial court temporarily released the jury does not present a constitutional infirmity. The jury was not discharged. The defendant was tried by the original jury. Defendant cites no authority prohibiting adjournment of criminal proceedings on double jeopardy grounds.

In summary, we find no Double Jeopardy Clause violation because defendant was subjected to only one trial before one jury.

Affirmed.

BEASLEY, P.J., concurred.

MacKENZIE, J. *(dissenting).* I respectfully dissent. I would reverse and remand for a new trial on the charge of second-degree murder. A finding that defendant's right to be free from being placed twice in jeopardy was violated is supported by *People v Anderson,* 409 Mich 474; 295 NW2d 482 (1980), which dealt with a similar double jeopardy claim. In *Anderson,* the trial judge, after jeopardy had attached and over the objection of the prosecutor, halted the trial prior to the testimony of several witnesses of the prosecution, dismissed the jury, and accepted the defendant's plea to voluntary manslaughter. The ruling of the trial judge was based on the belief that the evidence was insufficient to support a conviction of either first- or second-degree murder since the prosecution could not overcome defendant's assertion of a justification defense. The Court further explained the trial court's action as follows:

"The judge did not determine that there was a defective information or dismiss the murder charges on a ground unrelated to Anderson's guilt or innocence; he did not find an abuse of discretion by the examining magistrate or prosecutor. He determined, rather, that Anderson could assert a defense of excuse, that its merits must be assessed from the standpoint of her reasonable belief, and that, based on what he had heard at trial, the prosecution had not proved and could not prove beyond a reasonable doubt that she did not believe the killing was necessary to prevent the commission of a felony. The witnesses up to that point had

not given testimony disproving excuse 'from the belief and position of the defendant' and the judge was convinced that testimony of the remaining witnesses would, for the same reason, be insufficient.

"That ruling was a determination of Anderson's factual innocence of murder, although rested on questions of law." (Footnote omitted.) *Id.,* 490-491.

In *Anderson,* The Court recognized several general principles relating to constitutional protection under the Double Jeopardy Clause where the trial judge for whatever reason dismisses one or more charges after jeopardy has attached:

"The constitutional protections of the Double Jeopardy Clause are implicated only when jeopardy has 'attached'. Jeopardy attaches in a jury trial when the jury has been impaneled and sworn.

"The Clause secures the defendant's interests in (1) the finality of judgments, and (2) protection against multiple prosecutions.

"If a trial ends in a judgment of acquittal, both interests are implicated, and there can be no retrial. This has been called 'the most fundamental rule in the history of double jeopardy jurisprudence', and is absolute. It applies whether the acquittal is based on findings of a judge or the verdict of a jury, and whether it is erroneously based or brought about with the defendant's voluntary participation.

"Where, however, the trial or proceeding does not end in a judgment of acquittal or conviction, only the second interest is implicated, and the constitutional protections are not absolute. The defendant has an interest in avoiding harassment from repeated proceedings and in having his guilt decided by the jury impaneled to try him. The people, however, have a competing interest in having one complete opportunity to try those · accused of breaking the law. Where there is no judgment of conviction or acquittal, these interests are balanced.

"If the trial or proceeding ends without the defen-

dant's consent, further prosecution is generally barred; the defendant's 'valued right to have his trial completed by a particular tribunal' was taken from him, and reprosecution smacks of harassment. An exception is recognized, and retrial permitted, where 'manifest necessity' compelled the termination of the first trial or proceeding.

"Where the defendant himself brings about the termination of the proceeding on a basis unrelated to factual guilt or innocence, retrial is generally permitted. The defendant, having deliberately chosen to take the case from the jury cannot complain of the loss of the first trier of fact or of prosecutorial harrassment through multiple prosecutions; he must live with 'the consequences of his voluntary choice'. An exception is made, and retrial barred, when the defendant's motion is induced by bad-faith conduct of the prosecutor or judge." (Footnotes omitted.) *Id.,* 482-485.

The issue, then, is whether the trial judge's dismissal herein constituted an acquittal on first-degree murder charges because of his belief as to the factual innocence of the defendant. It should further be noted that it is irrelevant whether the ruling resulted from the trial court's application of an erroneous legal standard to the facts of the case.

In *Anderson,* the prosecution argued that as there was no "final judgment" the trial did not end in an acquittal on the murder charges. Justice LEVIN, writing for a unanimous Court, rejected the notion that the determination of what the judge actually did turned on how he characterized his own actions.

"To decide how a trial judge's action should be characterized, the reviewing court 'must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged'. There is an

acquittal and retrial is impermissible when the judge 'evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction'.

"We conclude that the judge's decision to accept Anderson's mid-trial plea and to dismiss the murder charge involved a resolution of factual elements of the offense charged, and was based on his belief, correct or incorrect, prematurely formed or not, that the evidence was insufficient to support a conviction of murder." (Footnotes omitted.) *Id.,* 486-487.

I conclude that the majority herein and prior panels of this Court in *Conte* and *Ovegian* erred in focusing on the fact that the proceedings never were completely terminated nor the juries completely dismissed. The trial court's order dismissed first-degree murder charges against defendant and codefendants. The trial judge's order was based upon a finding of insufficient evidence of premeditation and deliberation to sustain a conviction of first-degree murder and resulted from his misunderstanding of what constituted legally sufficient evidence in this regard. Nevertheless, I find *Anderson* applicable, and I would find that the trial court's ruling constituted a factual acquittal of defendant of first-degree murder.

Further, I am not persuaded by the argument that because the prosecution succeeded in staying the proceeding and bringing an interlocutory appeal the proceedings did not result in an appeal by the prosecution of an acquittal of the defendant of one of the charges followed by trial on that charge.