BREWSTER v MARTIN MARIETTA ALUMINUM SALES, INC

Docket No. 48767. Submitted April 15, 1981, at Detroit.—Decided July 8, 1981.

Joy Brewster brought two actions, which were consolidated in the trial court, against Martin Marietta Aluminum, Inc., and Martin Marietta Aluminum Sales, Inc., alleging that she had been terminated from her job as a sales representative because of sexual discrimination, intentional infliction of emotional distress, negligence, and breach of an implied contract of employment. Plaintiff moved for the production of the person who was supervisor at the time of her discharge for the purpose of having him examined by an industrial or consulting psychiatrist. The Wayne Circuit Court, Thomas J. Brennan, J., denied the motion for mental examination. Plaintiff appeals by leave granted. *Held:*

1. The court rule dealing with discovery by the physical or mental examination of a party or an agent of a party is applicable to all civil actions.

2. Physical or mental examination of a party or its agent should be ordered only where it is shown that the physical or mental condition of such party or agent is in controversy and there exists good cause for granting such physical or mental examination.

3. Since the trial court failed to consider the questions of whether the mental condition of defendants' agent was in controversy and whether there was good cause to order a mental examination of said agent, the trial court's order denying such examination is reversed and the matter is remanded to the trial court for further consideration.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1] 23 Am Jur 2d, Depositions and Discovery § 210.

[2] 20 Am Jur 2d, Courts § 86.
    23 Am Jur 2d, Depositions and Discovery § 144.

[3, 5] 5 Am Jur 2d, Appeal and Error § 772.
    23 Am Jur 2d, Depositions and Discovery § 149.

[4] 23 Am Jur 2d, Depositions and Discovery § 215.

[6] 4 Am Jur 2d, Appeal and Error § 79.

1. EVIDENCE — DISCOVERY — PHYSICAL OR MENTAL EXAMINATION —
   COURT RULES.

   The court rule relative to discovery by physical or mental exami-
   nations is applicable to all civil actions, unlike the predecessor
   rule which was applicable only to actions for personal injury or
   for recovery under a policy of insurance (GCR 1963, 311.1).

2. COURTS — COURT RULES — JUDICIAL CONSTRUCTION.

   The interpretation given to a comparable Federal court rule
   provision will be used to ascertain the intent of a state court
   rule in the absence of state authority.

3. EVIDENCE — PHYSICAL OR MENTAL EXAMINATION — APPEAL —
   COURT RULES.

   An order of a trial court denying a mental or physical examina-
   tion of a party or its agent will not be reversed on appeal
   unless it is shown that there has been an abuse of discretion by
   the trial court (GCR 1963, 311.1).

4. EVIDENCE — DISCOVERY — PHYSICAL OR MENTAL EXAMINATION —
   COURT RULES.

   Physical or mental examination of a party or its agent should be
   ordered only where it is shown that: (1) the physical or mental
   condition of the party or its agent is in controversy, and (2)
   good cause exists for granting this form of discovery (GCR 1963,
   311.1).

5. EVIDENCE — DISCOVERY — PHYSICAL OR MENTAL EXAMINATION —
   COURT RULES.

   Reversal and remand is mandated where a trial court denies a
   motion for physical or mental examination of a party or its
   agent without considering whether the physical or mental
   condition of the party or agent is in controversy and there is
   good cause for granting such examination (GCR 1963, 311.1).

6. APPEAL — SCOPE OF REVIEW.

   The Court of Appeals will not consider an issue which has not
   been decided by the trial court.

*Schaden & Heldman,* for plaintiff.

*Dickinson, Wright, McKean, Cudlip & Moon* (by
*John Corbett O'Meara* and *George R. Ashford),* for
defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff, Joy Brewster, was granted leave to appeal the trial court's denial of her motion to produce Jerry Henry, an employee of defendants Martin Marietta Aluminum, Inc., and Martin Marietta Aluminum Sales, Inc., for examination by an industrial or consulting psychiatrist pursuant to GCR 1963, 311.1.

In 1957, Joy Brewster was hired by Harvey Aluminum, Inc., as a secretary in its Detroit office. In 1968, Harvey Aluminum was acquired by Martin Marietta Aluminum, Inc., and by 1971 Brewster had become a sales representative for Martin Marietta. In July 1973, Jerry Henry became Brewster's immediate supervisor. On September 30, 1975, Brewster was terminated for unsatisfactory job performance and insubordination.

On April 23, 1976, Brewster filed a complaint against Martin Marietta Aluminum, Inc., in Wayne County Circuit Court, alleging that she was subject to sex discrimination in violation of Michigan statutes, intentional discrimination on account of sex and reckless and wanton disregard of her right to be treated equally with male employees. On August 25, 1976, Brewster amended her complaint to name as defendant Martin Marietta Aluminum Sales, Inc., a wholly owned subsidiary of Martin Marietta Aluminum, Inc. On September 28, 1978, a second action was commenced by Brewster against Martin Marietta Aluminum, Inc., and Martin Marietta Aluminum Sales, Inc., alleging intentional infliction of emotional distress, negligence, and breach of an implied contract of employment. The two cases were consolidated on October 23, 1979.

On October 30, 1979, Brewster moved for the

production of Jerry Henry for examination by an industrial or consulting psychiatrist pursuant to GCR 1963, 311.1. The trial court denied her motion on November 16, 1979. Brewster sought leave to appeal, which this Court granted on June 23, 1980.

Defendants initially argue that GCR 1963, 311.1 does not apply to employment discrimination cases. Prior to 1963, Court Rule 41, § 2 (1945) governed discovery by physical examination. Court Rule 41, § 2 (1945) stated:

"In any action for damages for injuries to person or property, or to recover upon any policy of insurance respecting sickness or bodily injuries or damages or injuries to property, physical examination by physicians of the person sick or injured, or by the defendant or his agent of the property damaged or injured, may be ordered in advance of the trial, on motion with due notice, upon such just and reasonable terms and conditions as the court may prescribe."

By its terms, the rule only applied to cases of injuries and damage to persons or property or to recovery under an insurance policy.

GCR 1963, 311.1 now governs discovery by physical and mental examination. The rule provides:

"In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination, the person or persons by whom it is to

be made, and shall provide that the attorney for the person to be examined may be present at the examination."

The application of GCR 1963, 311.1 is not limited to cases of personal injury or recovery under an insurance policy as was former rule 41(2). Under GCR 1963, 11.1, the provisions embodied in the General Court Rules are made applicable to all civil actions. This conclusion is supported by the comments to GCR 1963, 311 in 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 207, where the authors state:

"Rule 311 significantly enlarges the availability of medical examination as a discovery device in Michigan. Former Rule 41(2) restricted physical examinations to personal injury actions and to actions to recover upon policies of insurance respecting sickness and bodily injury. Sub-rule 311.1 now provides that in any action in which the mental or physical condition or the blood relationship of a party is in controversy, the court may order the party to submit to a physical or mental or blood examination by the physician."

Plaintiff argues that the trial court erred when it denied her discovery request. We note that GCR 1963, 311 is modeled after FR Civ P 35. Further, in the absence of state authority this Court will look to cases interpreting comparable Federal provisions to ascertain the intent of a given state rule. *Nemes v Smith,* 37 Mich App 124, 128-131; 194 NW2d 440 (1971). This Court will not reverse a trial court's denial of an order requiring the mental or physical examination of a party or its agent unless there has been an abuse of discretion. *Sanden v Mayo Clinic,* 495 F2d 221, 225 (CA 8, 1974).

The Michigan rule establishes two criteria which must be met before a court may direct a party to

undergo a physical or mental examination. The party seeking discovery must show (1) that the physical or mental condition of a party or its agent is in controversy, and (2) that good cause exists for granting this form of discovery. These requirements are identical to those required for application of FR Civ P 35 and were discussed by the Supreme Court in *Schlagenhauf v Holder,* 379 US 104; 85 S Ct 234; 13 L Ed 2d 152 (1964).

In *Schlagenhauf,* one of the parties sought to have Schlagenhauf examined by specialists in internal medicine, opthalmology, neurology, and psychiatry. The district court granted the requested order for examination, which decision was affirmed by the Seventh Circuit Court of Appeals. The Supreme Court granted certiorari and analyzed the "in controversy" and "good cause" requirements of FR Civ P 35. The Court stated:

"The courts of appeals in other cases have also recognized that Rule 34's good-cause requirement is not a mere formality, but is a plainly expressed limitation on the use of that Rule. This is obviously true as to the 'in controversy' and 'good cause' requirements of Rule 35. They are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the cause—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. Obviously, what may be good cause for one type of examination may not be so for another. The ability of the movant to obtain the desired information by other means is also relevant." (Footnote omitted.) 379 US 104, 118.

The Supreme Court noted that the above requirements do not mean that a movant must prove his case on the mertis to satisfy the requirements for

a mental or physical examination. *Id.,* 119. The Court also opined that in cases involving allegations of mental or physical injuries or in which the mental or physical condition of a party is asserted as a defense, the pleadings would be sufficient to place the argued condition into controversy. At a minimum, the Court required that the movant make an affirmative showing that Schlagenhauf's condition was in controversy and that good cause existed for the requested examinations. *Id.,* 119-120.

We note that the plain language of GCR 1963, 311.1 does not preclude the rule's application to cases like that brought by the plaintiff. The availability of mental examinations is extended to any action in which a party's mental condition is in controversy. Once placed in controversy, a moving party need only show good cause to secure the petitioned-for examination.

In this case, Joy Brewster moved for examination of Jerry Henry by an industrial or consulting psychiatrist. The actual motion is not contained in the lower court file transmitted to this Court. In the documents next to defendant's answer and brief in opposition to the motion are contained a notice of hearing and a proof of service in an entirely unrelated case entitled *Alger v Walker,* Civil Action No. 76-613-677CK. An obvious case of misfiling. We gather from the briefs of the parties that it is not contested that Jerry Henry is an employee and agent of the defendant and under its control, and that plaintiff employed the following rationale as a basis for the examination:

"3. That an essential element of plaintiff's proof under her sex discrimination theory would be to show that Jerry Henry possessed attitudes concerning women

in the workplace which were sexist in that he could not react to the actions and activities of a woman employee the same as a man employee.

"4. That with regard to plaintiff's claim for intentional infliction of emotional distress, the state of mind of defendant's agent, Jerry Henry, who caused the emotional distress, is at controversy."

A hearing was held on November 16, 1979, at which the trial judge denied her motion. The lower court ruled:

"*The Court:* I read your brief. I read the answer and I see no merit in your brief at all.

"The Court Rule that you rely on and the Federal Court Rule you referred to in this case has nothing to do with the thinking or what is inside the mind of a man in a situation. It has to do with mental disability and it does not apply to this at all.

\*   \*   \*

"*The Court:* You deposed that person and it is going to have to be what he has said and what his actions have been related to her, not what is in his mind.

"I might be very anti—I might be a chauvinist but treat female employees good.

"As I say, we do disagree and I could not possibly grant that motion based on the Court Rule you cite.

"I don't think it was ever intended for that and there is no cases that indicate that." ·

As evidenced from the above statements, the trial court concluded that GCR 1963, 311.1 was not applicable to the instant case. For this reason, the court did not reach a decision on whether Jerry Henry's mental condition was actually placed in controversy or whether good cause existed for granting the plaintiff's requested examination. This Court will not consider an issue which has not been decided by the trial court. *Brill v Cher-*

*win,* 346 Mich 507, 514; 78 NW2d 122 (1956). Therefore, the decision of the trial court is reversed and the matter is remanded to the lower court for determination of whether plaintiff has established that Henry's mental condition is in controversy and whether good cause existed for granting the mental examination.

Reversed and remanded. We do not retain jurisdiction.