## PEOPLE v NIX (AFTER REMAND)

Docket No. 156242. Submitted December 14, 1994, at Lansing. Decided February 21, 1995, at 9:15 A.M.

Terressa Nix was tried before a jury in the Oakland Circuit Court on charges of felony murder and premeditated murder. The court, Fred M. Mester, J., directed a verdict of acquittal, but stayed the entry of the order of acquittal and did not dismiss the jury pending an appeal by the prosecution. The Court of Appeals, in an order, reversed with respect to the felony murder charge and remanded for further proceedings. The defendant was retried and convicted of involuntary manslaughter by a new jury after the original jurors were dismissed for insufficient memory of the prior proceedings. The defendant appealed.

After remand, the Court of Appeals held:

Once a court enters a final judgment of acquittal based on a directed verdict, even if granted on an erroneous foundation, the defendant's constitutional protections against double jeopardy prohibit an appeal or a retrial. Double jeopardy is not avoided by the staying of the entry of the order of acquittal or by the retention of the original jury while the prosecution pursues an appeal.

Reversed.

Constitutional Law — Double Jeopardy — Directed Verdicts of Acquittal.

Double jeopardy bars an appeal or a retrial following a directed verdict of acquittal, regardless of the propriety of the grant of the directed verdict of acquittal (US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L.*

References

Am Jur 2d, Criminal Law § 262.

Conviction from which appeal is pending as bar to another prosecution for same offense. 61 ALR2d 1224.

Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L Ed 2d 924.

*Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Joyce F. Todd,* Chief, Appellate Division, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Norris J. Thomas, Jr.*), for the defendant on appeal.

### AFTER REMAND

Before: TAYLOR, P.J., and GRIFFIN and W. G. SCHMA,* JJ.

TAYLOR, P.J. Defendant appeals as of right her conviction of and sentence for involuntary manslaughter, MCL 750.321; MSA 28.553. Defendant was tried before a jury on charges of first-degree felony murder and first-degree premeditated murder. Upon defendant's motion, the trial court ordered a directed verdict of acquittal, concluding that defendant owed the victim no legal duty and, therefore, could not be convicted of either charge as a matter of law. The trial court stayed the order to allow an appeal by the prosecutor. This Court reversed and remanded on the felony murder charge. The trial court recalled the original jury but dismissed it for manifest necessity after determining that the jurors had insufficient memory of the proceedings. Defendant was retried and convicted by a new jury. We reverse.

Although defendant raises a number of issues in this appeal, one is dispositive. Defendant's conviction constitutes a violation of her constitutional protections against double jeopardy. US Const, Am V; Const 1963, art I, § 15. Once a court enters a final judgment of acquittal based on a directed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

verdict, even if granted on an erroneous foundation, the defendant's double jeopardy protections prohibit appeal or retrial. *Fong Foo v United States,* 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962). The question presented in this appeal is whether a trial court may avoid application of double jeopardy by staying entry of the order granting the directed verdict pending an appeal by the prosecutor. We conclude that such a procedural device cannot be used as a means of avoiding defendant's constitutional protection against double jeopardy.

The character of the order appealed from in this case is critical in determining the double jeopardy question. The order states:

> IT IS ORDERED that, as a matter of law, Defendant owed no legal duty to the victim and therefore could not be convicted of either charge as a matter of law.
>
> IT IS FURTHER ORDERED that entry of the directed verdict and all further proceedings in the trial are STAYED until August 2, 1991, to permit the prosecution to seek appellate review of this legal ruling.
>
> *  *  *
>
> IT IS FURTHER ORDERED that the jury is not discharged, but instead is ordered to return to their daily lives while the trial is adjourned and until summoned by this Court to return for completion of the proceedings, and is instructed that they are to continue to refrain from discussing this case, reading about this case . . . .

Although the court couched the order as a simple legal question and made an effort to avoid double jeopardy problems by keeping the original jury empaneled, the legal import of this holding was a directed verdict of acquittal. The court found that the prosecutor failed to establish an essential ele-

ment of his case. The court judged defendant's case on the merits and made a finding of insufficiency. This is precisely the type of ruling that is not appealable. *United States v Martin Linen Supply Co,* 430 US 564, 575-576; 97 S Ct 1349; 51 L Ed 2d 642 (1977). See also *Sanabria v United States,* 437 US 54; 98 S Ct 2170; 57 L Ed 2d 43 (1978). It is this resolution on the merits, rather than the trial court's label of its action, that must be considered. *Martin Linen, supra* at 571; see also *United States v Scott,* 437 US 82, 96; 98 S Ct 2187; 57 L Ed 2d 65 (1978).

We are mindful that there is case law allowing prosecutors to appeal from dispositive orders. However, those cases are distinguishable from the instant case because no final determination of guilt or innocence had been made in those cases. *Scott, supra* at 97-99. For example, in *Scott,* the Supreme Court held that a prosecutor's appeal of an order of dismissal based on prejudice for preindictment delay did not violate the defendant's protections against double jeopardy because the dismissal was not based on a finding regarding the defendant's criminal culpability. *Id.* at 98-99. Similarly, in *People v Conte,* 104 Mich App 73; 304 NW2d 485 (1981), the prosecutor was allowed to appeal an interlocutory evidentiary ruling that resulted in dismissal. The evidentiary ruling did not address the criminal culpability of the defendant; instead, it considered only the voluntariness of the confession. By contrast, in the instant case, the trial court considered defendant's criminal culpability in its order. The court determined that there was no duty, and that determination is final. *Scott, supra.* Thus, retrial of this matter placed defendant twice in jeopardy for a single offense.

Reversed.