PEOPLE v MEHALL

Docket No. 173820. Submitted February 23, 1995, at Lansing. Decided September 12, 1995, at 9:00 A.M. Leave to appeal sought.

Thomas D. Mehall was charged in the Washtenaw Circuit Court with two counts of first-degree criminal sexual conduct. He unsuccessfully moved for a directed verdict of acquittal at the close of the people's proofs. He then rested without presenting any testimony. Following approximately five hours of deliberation, the jury informed the court, Thomas Roumell, J., that it was deadlocked, and the court declared a mistrial on grounds of manifest necessity. The defendant immediately renewed his motion for a directed verdict, but Judge Roumell declined to address it. Three weeks later, the defendant brought a motion for a directed verdict before Judge Donald Shelton, to whom the case was next assigned. Judge Shelton ruled that the motion must be heard by Judge Roumell. Judge Roumell conducted a hearing, made findings on the record, and granted the motion for a directed verdict of acquittal because of the insufficiency of the evidence. The people appealed.

In an opinion by Holbrook, Jr., P.J., concurred in by Jansen, J., the Court of Appeals *held:*

1. MCR 6.419(A) authorizes a trial court to grant a defendant's motion for a directed verdict of acquittal after a mistrial is declared on the basis of a hung jury. Therefore, Judge Roumell had the authority under MCR 6.419(A) to consider the defendant's motion for a directed verdict of acquittal after the mistrial was declared.

2. Judge Roumell applied an erroneous standard of review in finding that the complainant was not credible. A trial court must not weigh the evidence or assess the credibility of witnesses in deciding a motion for a directed verdict of acquittal. In light of the double jeopardy implications, Judge Roumell's erroneous ruling of acquittal is not appealable. Once a defen-

REFERENCES

Am Jur 2d, Criminal Law §§ 264, 285, 303, 319; Trial §§ 1030, 1038; 1713; 1743.

See ALR Index under Direction of Verdict; Double Jeopardy; Mistrial.

dant has been acquitted on the merits, even though it may be based on an egregiously erroneous foundation, the judgment of acquittal is not reviewable without subjecting the defendant to successive trials for the same offense in violation of the Double Jeopardy Clause. Because a jury's verdict of acquittal is accorded absolute finality, no matter how erroneous the decision, the same standard necessarily must be applied to a legal ruling of the trial court that the evidence was insufficient to support a conviction.

3. The directed verdict of acquittal is final and unreviewable.

Appeal dismissed.

JANSEN, J., concurring, wrote separately to state that the trial court's remarks and conduct led to a miscarriage of justice. It was not permissible for the trial court to determine the credibility of the complainant when deciding the motion for a directed verdict of acquittal. The trial court's comments regarding the complainant were highly inappropriate. However, even though the trial court's actions were erroneous and resulted in a miscarriage of justice, double jeopardy principles bar a retrial of this case. Once a court enters a final judgment of acquittal based on a directed verdict, even if granted on an erroneous foundation, the defendant's double jeopardy protections prohibit an appeal or retrial. The trial court decided the defendant's case on the merits because it granted the motion on the basis of the insufficiency of the evidence. Therefore, an appeal is not available to the prosecutor.

O'CONNELL, J., dissenting, stated that MCR 6.419 does not authorize a trial court to grant a motion for a directed verdict brought after declaration of a mistrial based on a hung jury. In addition, the order directing a verdict was not based upon a finding that the evidence was insufficient. The trial court's nominal order of acquittal was not based on the sufficiency of the evidence and is not, therefore, an acquittal. The trial court's finding that the complainant was not credible was not a finding that the evidence was insufficient. The remaining evidence was sufficient to allow a reasonable trier of fact to conclude that all the elements of the crimes charged had been proved beyond a reasonable doubt. Retrial of the defendant is not barred by the Double Jeopardy Clauses of the United States or Michigan Constitutions.

1. MOTIONS AND ORDERS — DIRECTED VERDICTS — ACQUITTAL — MISTRIALS — HUNG JURY.

MCR 6.419(A) authorizes a trial court to grant a defendant's motion for a directed verdict of acquittal after a mistrial is declared on the basis of a hung jury.

2. MOTIONS AND ORDERS — DIRECTED VERDICTS — ACQUITTAL.

A trial court must not weigh the evidence or assess the credibility of witnesses in deciding a motion for a directed verdict of acquittal.

3. CONSTITUTIONAL LAW — DOUBLE JEOPARDY — MISTRIALS — MANIFEST NECESSITY — ACQUITTAL — APPEAL.

Where manifest necessity requires that a mistrial be declared, the retrial of the defendant does not offend the Double Jeopardy Clause because a mistrial does not constitute a final judgment of the defendant's guilt or innocence; however, once the defendant has been acquitted on the merits, even though it may be based on an egregiously erroneous foundation, the judgment of acquittal is not reviewable without subjecting the defendant to successive trials for the same offense in violation of the Double Jeopardy Clause; because a jury's verdict of acquittal is afforded absolute finality, no matter how erroneous its decision, the same standard must be applied to a legal ruling of a trial court that the evidence was insufficient to support a conviction; where the Double Jeopardy Clause applies, its sweep is absolute and the grounds on which an acquittal is based are not subject to judicial examination (US Const, Am V; Const 1963, art 1, § 15).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Brian L. Mackie,* Prosecuting Attorney, and *Allison L. Bates,* Assistant Prosecuting Attorney, for the people.

*Arthur R. Butler,* for the defendant.

Before: HOLBROOK, JR., P.J., and JANSEN and O'CONNELL, JJ.

HOLBROOK, JR., P.J. Defendant was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). At trial, defendant unsuccessfully moved for a directed verdict of acquittal at the close of the people's proofs. Defendant then rested without presenting any testimony. Following approximately five hours of deliberation, the jury informed the court that it was deadlocked, and visiting Washtenaw Circuit

Court Judge Thomas Roumell declared a mistrial on grounds of manifest necessity. Defendant immediately renewed his motion for a directed verdict, but Judge Roumell declined to address it. Approximately three weeks later, defendant moved again for a directed verdict of acquittal before Washtenaw Circuit Court Judge Donald Shelton, to whom the case was next assigned. Judge Shelton ruled that the motion must be heard by the judge who presided at trial, and docketed it for a hearing before Judge Roumell. At a hearing, Judge Roumell made findings on the record and granted the motion for a directed verdict of acquittal because of the insufficiency of the evidence with regard to both counts. The people appeal as of right.

I

The gravamen of this appeal is whether a trial court is authorized to grant a defendant's motion for a directed verdict of acquittal after a mistrial is declared on the basis of a hung jury, and, if so, whether the prosecutor's appeal of such a ruling is barred by the Double Jeopardy Clauses of the United States Constitution, US Const, Am V, and the Michigan Constitution, Const 1963, art 1, § 15. The prosecutor argues that, because no court rule expressly authorizes a postmistrial motion for a directed verdict of acquittal, Judge Roumell lacked authority to grant such a motion. The prosecutor further argues that, even if Judge Roumell was authorized to grant the motion, this Court should vacate defendant's "acquittal" and remand for a retrial because Judge Roumell erred in granting the motion on the basis that the complainant's testimony was not credible. Defendant argues that Judge Roumell had authority under the staff comments to MCR 6.419(B) to grant the motion and

that his acquittal is not reviewable under the Double Jeopardy Clause. We conclude that MCR 6.419 authorizes such a motion, and that under these facts the people's appeal must be dismissed.

A

In Michigan, MCR 6.419 sets forth the procedure for motions for a directed verdict of acquittal in a criminal case:

> (A) Before Submission to Jury. After the prosecutor has rested the prosecution's case in chief and before the defendant presents proofs, the court on its own initiative may, or on the defendant's motion must, direct a verdict of acquittal on any charged offense as to which the evidence is insufficient to support conviction. The court may not reserve decision on the defendant's motion. If the defendant's motion is made after the defendant presents proofs, the court may reserve decision on the motion, submit the case to the jury, and decide the motion before or after the jury has completed its deliberations.
>
> (B) After Jury Verdict. After a jury verdict, the defendant may file an original or renewed motion for directed verdict of acquittal in the same manner as provided by MCR 6.431(A) for filing a motion for a new trial.
>
> (C) Conditional New Trial Ruling. If the court grants a directed verdict of acquittal after the jury has returned a guilty verdict, it must also conditionally rule on any motion for a new trial by determining whether it would grant the motion if the directed verdict of acquittal is vacated or reversed.
>
> (D) Explanation of Rulings on Record. The court must state orally on the record or in a written ruling made a part of the record its reasons for granting or denying a motion for a directed verdict of acquittal and for conditionally granting or denying a motion for a new trial.

The staff comment to MCR 6.419 provides:

> MCR 6.419 is a new rule.
>
> Subrule (A) is based on 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(b) and is consistent with existing practice except for the provision prohibiting the court from reserving decision on a defense motion for directed verdict made at the close of the prosecution's proofs. This rule does not state the standard of proof that the court must apply in determining the sufficiency of the evidence. The standard is constitutional and it is therefore left to case law. See *People v Hampton,* 407 Mich 354 [285 NW2d 284 (1979), cert den 449 US 885 (1980)].
>
> Subrule (B) pertains to motions for directed verdict of acquittal made after the jury verdict. It incorporates by reference the same postconviction procedures that a defendant may use to move for a new trial. This rule does not impose any time limits on a motion for directed verdict of acquittal in the event that the jury does not reach a verdict and is discharged.
>
> Subrule (C) is derived from MCR 2.610(C), which requires the court to rule conditionally on any motion for new trial in the event that it grants a motion for judgment notwithstanding the verdict.
>
> Subrule (D) is derived from the provisions in MCR 2.610(B)(3) and (C)(1) requiring the court to place on the record the reasons for its rulings.

Contrary to defendant's claim, we find subrule B to be inapplicable where a mistrial based on a hung jury has been declared. Subrule B, by its own terms, governs where a jury verdict has been returned; obviously, no verdict has been returned where a mistrial is declared because of jury deadlock. Moreover, while the staff comments to subrule B appear to support defendant's interpretation, the comments cannot be deemed authoritative where they appear to contradict the plain

language of the subrule that they are meant to clarify. See MCR 1.101.

Instead, our reading of MCR 6.419 leads us to conclude that subrule A provides authority to trial courts to direct a verdict of acquittal after a mistrial based on a hung jury has been declared. The second sentence of subrule A expressly provides that the court may reserve decision regarding such a motion made at the close of all evidence, submit the case to the jury, and then "decide the motion before or *after the jury has completed its deliberations*." (Emphasis added.) Because it is not patently clear that this language incorporates the circumstance where a mistrial is declared on the basis of a hung jury, we must attempt to ascertain and give effect to the intent of the Michigan Supreme Court in drafting the rule. See *People v McCoy*, 189 Mich App 201, 204; 471 NW2d 648 (1991).

The staff comment to subrule A states that it is primarily based on 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(b), which provides:

> (b) If the defendant's motion [for judgment of acquittal] is made at the close of the evidence offered by the prosecution, the court may not reserve decision on the motion. If the defendant's motion is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty *or is discharged without having returned a verdict*. [Emphasis added.]

The commentary explains the rationale for Standard 15-3.5(b):

> The first sentence of paragraph (b) rests upon the notion that a defendant who moves for acquit-

tal at the end of the government's case should
have the benefit of a ruling on that motion prior to
electing whether or not to present evidence on his
or her own behalf. . . .

The second sentence of this paragraph permits a
court to reserve decision on a motion made at the
end of all the evidence. The objection stated above
is not present in this situation, and it is better to
expressly recognize the power of a judge to render
a decision on the motion even after the jury has
returned a guilty verdict or has been discharged
without having returned a verdict. This portion of
the standard, based on rule 29(b) of the Federal
Rules of Criminal Procedure, expressly recognizes
the propriety of what often is referred to as a
judgment notwithstanding the verdict. This prac-
tice is currently recognized in some but not all
jurisdictions. The arguments against the practice—
that there is a possibility of abuse by the courts
and that it is unfair to confront the prosecution
with an unappealable acquittal after a jury convic-
tion—are not persuasive. On the contrary, it is
desirable that a court not lose its power to direct a
verdict once the jury retires and that it not be
thereafter confined to granting a new trial. [3 ABA
Standards for Criminal Justice (2d ed), Standard
15-3.5(b), Commentary, pp 15-92—15-97.]

Thus, Standard 15-3.5(b) clearly authorizes a trial
court to consider a defendant's motion for judg-
ment of acquittal after a mistrial based on a hung
jury is declared, notwithstanding certain policy
arguments to the contrary.

Notably, the commentary to Standard 15-3.5
states that it is patterned after FR Crim P 29.
Michigan rules of procedure and evidence are
generally modeled after the federal rules, *Shields
v Reddo,* 432 Mich 761, 784; 443 NW2d 145 (1989),
and, in the absence of state authority, this Court
may properly look to comparable federal rules
(and cases interpreting those rules) to ascertain

the intent of a given state rule, *Brewster v Martin
Marietta Aluminum Sales, Inc,* 107 Mich App 639,
643; 309 NW2d 687 (1981). As does Standard 15-
3.5(b), FR Crim P 29(b) expressly provides a federal
district court with authority to reserve decision on
a motion for judgment of acquittal made at the
close of all the evidence, submit the case to the
jury, and "decide the motion either before the jury
returns a verdict or after it returns a verdict of
guilty or is discharged without having returned a
verdict."[1] See *United States v Martin Linen Sup-*

[1] At the time of trial in this matter, FR Crim P 29 provided in its
entirety:

(a) Motion Before Submission to Jury. Motions for directed
verdict are abolished and motions for judgment of acquittal
shall be used in their place. The court on motion of a defendant
or of its own motion shall order the entry of judgment of
acquittal of one or more offenses charged in the indictment or
information after the evidence on either side is closed if the
evidence is insufficient to sustain a conviction of such offense or
offenses. If a defendant's motion for judgment of acquittal at
the close of the evidence offered by the government is not
granted, the defendant may offer evidence without having
reserved the right.

(b) Reservation of Decision on Motion. If a motion for judg-
ment of acquittal is made at the close of all the evidence, the
court may reserve decision on the motion, submit the case to
the jury and decide the motion either before the jury returns a
verdict or after it returns a verdict of guilty or is discharged
without having returned a verdict.

(c) Motion After Discharge of Jury. If the jury returns a
verdict of guilty or is discharged without having returned a
verdict, a motion for judgment of acquittal may be made or
renewed within 7 days after the jury is discharged or within
such further time as the court may fix during the 7-day period.
If a verdict of guilty is returned the court may on such motion
set aside the verdict and enter judgment of acquittal. If no
verdict is returned the court may enter judgment of acquittal.
It shall not be necessary to the making of such a motion that a
similar motion has been made prior to the submission of the
case to the jury.

(d) Same: Conditional Ruling on Grant of Motion. If a motion
for judgment of acquittal after verdict of guilty under this Rule
is granted, the court shall also determine whether any motion
for a new trial should be granted if the judgment of acquittal is
thereafter vacated or reversed, specifying the grounds for such

*ply Co,* 430 US 564; 97 S Ct 1349; 51 L Ed 2d 642 (1977).

In the absence of a contrary intent, we are persuaded that our Supreme Court intended the language of MCR 6.419(A)—permitting a trial court to decide a motion for directed verdict of acquittal "before or after the jury has completed its deliberations"—to be interpreted in accordance with ABA Standard 15-3.5(b), FR Crim P 29, and existing practice in other jurisdictions. Thus, a jury that has been discharged without returning a verdict has "completed its deliberations." Accordingly, we conclude as a matter of law that Judge Roumell had the authority under MCR 6.419(A) to consider defendant's motion for a directed verdict of acquittal after the mistrial was declared.[2]

B

In this case, Judge Roumell granted defendant's motion for a directed verdict of acquittal because he found that the complainant was not credible. The people correctly assert that Judge Roumell applied an erroneous standard of review for such a

determination. If the motion for a new trial is granted conditionally, the order thereon does not affect the finality of the judgment. If the motion for a new trial has been granted conditionally and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. If such motion has been denied conditionally, the appellee on appeal may assert error in that denial, and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court.

[2] We note that, under the second sentence of MCR 6.419(A), a trial court should reserve decision on the motion, submit the case to the jury, and then decide the motion before or after the jury completes its deliberations. Here, defendant moved for a directed verdict at the close of the prosecution's evidence and Judge Roumell denied the motion. After the jury was discharged, defendant renewed the motion and Judge Roumell granted it. We consider this to be an inconsequential procedural defect and therefore conclude that the motion was properly brought before Judge Roumell.

motion. See *Hampton, supra* at 368, 377. Our Supreme Court has clearly stated that a trial court must not weigh the evidence or assess the credibility of witnesses in deciding a motion for a directed verdict of acquittal. *People v Herbert,* 444 Mich 466, 473-474; 511 NW2d 654 (1993).

The difficult question posed is whether Judge Roumell's erroneous ruling of "acquittal" is appealable by the prosecution, in light of the obvious double jeopardy implications. We find that it is not.

Where manifest necessity requires that a mistrial be declared, retrial of the defendant does not offend the Double Jeopardy Clause because a mistrial does not constitute a final judgment of the defendant's guilt or innocence. *People v Thompson,* 424 Mich 118; 379 NW2d 49 (1985); *Martin Linen Supply, supra* at 570. However, once a defendant has been acquitted on the merits, even though it may be based on an "egregiously erroneous foundation," the judgment of acquittal is not reviewable without subjecting the defendant to successive trials for the same offense in violation of the Double Jeopardy Clause. *Fong Foo v United States,* 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962) (court's entry of judgments of acquittal after determining, among other things, that government's witnesses were not credible, although erroneous, barred a retrial). See also *People v Anderson,* 409 Mich 474, 483; 295 NW2d 482 (1980), cert den 449 US 1101 (1981); *In re Wayne Co Prosecutor,* 192 Mich App 677, 680; 481 NW2d 733 (1992); *People v Killarney,* 95 Mich App 396, 398; 290 NW2d 156 (1980); *People v Smith (On Rehearing),* 89 Mich App 478, 489-490; 280 NW2d 862 (1979); *Sanabria v United States,* 437 US 54, 64; 98 S Ct 2170; 57 L Ed 2d 43 (1978); *Martin Linen Supply, supra* at 571. Certainly, because a

jury's verdict of acquittal is accorded absolute finality, no matter how erroneous its decision, the same standard must necessarily be applied to a legal ruling of the trial court that the evidence was insufficient to support a conviction. Where the Double Jeopardy Clause applies, its sweep is absolute and the grounds on which an acquittal is based are not subject to judicial examination. *Burks v United States,* 437 US 1, 11; 98 S Ct 2141; 57 L Ed 2d 1 (1978).

Although I am deeply troubled by Judge Roumell's statements on the record in granting defendant's motion, I am compelled, in light of established legal principles, to conclude that defendant's directed verdict of acquittal is final and unreviewable. I take this opportunity to reiterate the admonition of our Supreme Court, in *Herbert, supra* at 477, that "this exercise of judicial power is to be undertaken with great caution, mindful of the special role accorded jurors under our constitutional system of justice."

The people's appeal is dismissed.

JANSEN, J. *(concurring).* Reluctantly, I must concur in Judge HOLBROOK's resolution of this case. It is apparent that double jeopardy principles preclude a retrial in this matter. I write separately because the trial court's remarks and conduct led to a miscarriage of justice. Those remarks are highlighted to avoid such a result in the future.

This case arises from the sexual assault of the complainant on August 31, 1993. Defendant was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). The information alleged that defendant penetrated the complainant's vagina with his penis (count I) and sexually penetrated the complainant's vagina with a vibrator (count II).

Defendant and the complainant had dated off and on for approximately 2½ years. At the time of the incident, defendant and the complainant were friends, but were no longer involved in a romantic relationship. According to Ken Wheeler, an acquaintance of defendant and the complainant, defendant told him that the complainant was the "woman of his dreams" and that he was upset that she would not enter into a permanent relationship with him.

On the evening of August 30, 1993, defendant called and offered to fix the complainant's stove. This was a ruse. Defendant had been drinking alcoholic beverages before he arrived at her house. Defendant, the complainant, and other guests were drinking alcoholic beverages and smoking marijuana. Because defendant was too intoxicated to drive home, the complainant agreed that defendant could spend the night on her couch, as he had done several times in the past. Defendant and the complainant then went to a local tavern and had a few more drinks. Defendant drove them back to the complainant's house at approximately 2:30 A.M.

While the complainant started undressing in her bedroom, defendant entered and wanted to put lotion on her back. The complainant told defendant that he could not, but he ignored her and started rubbing it on her back. The complainant pushed defendant away, but he came at her saying that he knew that she wanted it. A fight ensued and defendant threw the complainant down onto the bed. He grabbed a vibrator and began jamming it inside her vagina. The complainant screamed at defendant to stop and let her go and she was able to grab his hair and get away from him. The complainant then called 911, but defendant took the telephone out of her hands and hung it up.

Defendant then threw the complainant down onto the couch and penetrated her with his penis. The complainant called for her ten-year-old son to call 911, which he was able to do.

One of the police officers who arrived at the complainant's house testified that she was crying and hysterical and had a welt on her forehead. A volunteer fire fighter who also responded testified that the complainant had a small bump on her forehead, but that she was physically fine. A police officer testified that a vibrator had been seized as evidence. A semen stain was found on the couch and in the crotch of the complainant's jeans. A forensic serologist testified that the semen stains could have been contributed by defendant. Hair samples taken from the bed sheet matched the known samples from defendant.

The complainant was taken to a hospital for an examination. An emergency room nurse testified that, because the complainant was intoxicated, she was difficult to arouse. The nurse testified that the complainant stated that she was not sure whether defendant actually penetrated her with his penis because she was trying to fight him off. The complainant did tell the nurse that defendant penetrated her with the vibrator. The complainant complained of pain in her wrists, rectal and lower abdominal areas, and nose (a hematoma), and of a headache. A vaginal swab did not detect the presence of any semen. A vaginal examination revealed no abrasions, lacerations, or contusions, but the complainant complained of tenderness during the examination.

At the close of the prosecutor's proofs, defendant moved for a directed verdict, arguing that the "evidence is just overwhelming that the witness [the complainant] is unbelievable." The trial court, presided over by visiting Washtenaw Circuit Court

Judge Thomas Roumell, expressed doubt, stating that there was "a very, very strong breaking down of the elements of proof as far as the elements for the establishment of the crime is concerned," and suggested a plea bargain. The prosecutor stated that the complainant's testimony did not have to be corroborated, yet the trial court responded:

> That could be—as far as I'm concerned, that would be why I think you are entitled to a plea by him on some count. I don't think it's i, csc i. I don't think it's csc i. You may go ahead and get it down to iv. If you go to iv, I think you got a deal, and I think that's not a bad deal.
>
> This case does not deserve the punishment that csc i deserves—merits—or is warranted under the statute. The punishment is excessive for what has happened here. The state of this lady's condition was beyond anything to say that this was all his fault.

Perhaps a more enlightened day will come when rape victims are no longer blamed for being assaulted. No matter what the "state of this lady's condition" was, it does not allow, excuse, or exonerate the defendant's act of raping her.

If the parties need to be reminded, a court assesses the merits of a motion for a directed verdict "through consideration of the evidence presented by the prosecution *in a light most favorable to the prosecution,* to determine whether a rational trier of fact could [have found] that the elements of [the] crime were proven beyond a reasonable doubt." *People v Jolly,* 442 Mich 458, 466; 502 NW2d 177 (1993) (emphasis in original). Credibility determinations are left for the trier of fact, here the jury. *People v Velasquez,* 189 Mich App 14, 16; 472 NW2d 289 (1991). "Inherent in the task of considering the proofs in the light most

favorable to the prosecution is the necessity to avoid a weighing of the proofs or a determination whether testimony favorable to the prosecution is to be believed. All such concerns are to be resolved in favor of the prosecution." *People v Herbert,* 444 Mich 466, 474; 511 NW2d 654 (1993). Therefore, it is not permissible for a trial court to determine the credibility of the witnesses when deciding a motion for a directed verdict of acquittal. *Id.*

The trial court initially denied the motion for a directed verdict. Defendant then rested without presenting any testimony. The following day, the jury declared itself deadlocked. The trial court declared a mistrial. When the jury declared itself deadlocked, the trial court should have instructed it to deliberate further, especially where the jury had deliberated for only about five hours. See MCR 6.420(C); *People v Booker (After Remand),* 208 Mich App 163, 168; 527 NW2d 42 (1994) (if, when a jury is polled, one juror expresses disagreement with the verdict, the jury must be sent out to deliberate further); *People v Rutherford,* 208 Mich App 198, 202; 526 NW2d 620 (1994) (a trial court should avoid declaring a mistrial sua sponte without first holding a hearing on the record and making explicit findings that no reasonable alternative exists). After declaring the mistrial, defendant renewed his motion for a directed verdict, but the trial court declined to address it and told defendant to renew the motion with the judge to whom the case was next assigned (Judge Donald Shelton).

Approximately three weeks later, defendant renewed his motion for a directed verdict. Judge Shelton declined to hear the motion, agreeing with the prosecutor that such an issue should be before the judge who heard the case. Over two months later, Judge Roumell again heard defendant's mo-

tion for a directed verdict. At the hearing, the
trial court ruled that it was denying the motion
conditionally, but that defendant could present the
matter at the time of the pretrial conference with
Judge Shelton if defendant found authority for his
position. A week later, at a pretrial conference
before Judge Shelton, defendant cited the staff
comments to MCR 6.419(B) as authority for grant-
ing a directed verdict when the jury is unable to
reach a verdict and has been discharged. Judge
Shelton sent the matter back to Judge Roumell.
Eleven days later, Judge Roumell granted the
motion for a directed verdict of acquittal on the
basis of the insufficiency of the evidence regarding
both counts in the information.

I agree with Judge HOLBROOK that MCR 6.419(A)
permits trial courts to direct a verdict of acquittal
after a mistrial based on a hung jury has been
declared. However, such action should be disfa-
vored. Trial courts should not be in the habit of
taking motions for directed verdicts under advise-
ment. Such a motion should be either granted or
denied at the time that it is raised. MCR 6.419(A)
specifically states that the court may not reserve
decision on the defendant's motion for a directed
verdict unless the motion is made after the defen-
dant's proofs.

I further agree with Judge HOLBROOK that Judge
Roumell's decision to grant the motion for a di-
rected verdict was erroneous because he found
that the complainant was not credible. Not only is
this clearly the incorrect standard in deciding a
motion for a directed verdict, but Judge Roumell's
comments regarding the complainant were highly
inappropriate. Judge Roumell stated that the pros-
ecution did not establish the charges beyond a
reasonable doubt because the complainant's testi-
mony that she was penetrated by defendant with

the vibrator or his penis was a "possible figment of the complaining witness's alcohol-soaked mind."

Unfortunately, even though Judge Roumell's actions were erroneous and resulted in what I believe is a miscarriage of justice, double jeopardy principles bar retrial of this case. As this Court has recently stated, once a court enters a final judgment of acquittal based on a directed verdict, even if granted on an erroneous foundation, the defendant's double jeopardy protections prohibit appeal or retrial. *People v Nix (After Remand),* 208 Mich App 648, 649-650; 528 NW2d 208 (1995). The trial court in the present case decided defendant's case on the merits because it granted the motion on the basis of the insufficiency of the evidence. Therefore, an appeal is not available to the prosecutor. *Id.,* p 651.

Accordingly, I concur in Judge HOLBROOK's resolution of this case because retrial of the matter would impermissibly place defendant twice in jeopardy for the same offense. The prosecutor's appeal must be dismissed.

O'CONNELL, J. *(dissenting).* I respectfully dissent because, first, the majority has erroneously concluded that MCR 6.419 authorizes a trial court to grant a motion for a directed verdict brought after declaration of a mistrial based on a hung jury, and, second, my review of the record indicates that the court's order directing a verdict was not based upon a finding that the evidence was insufficient. In such a situation, retrial of the defendant is not barred by the Double Jeopardy Clauses of the United States and Michigan Constitutions.

I

In contrast to 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(c), pp 15-93—15-

94,[1] and FR Crim P 29(c),[2] MCR 6.419[3] does not

---

[1] 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(c), upon which MCR 6.419 is based, provides as follows:

(c) If the jury returns a verdict of guilty *or is discharged without having returned a verdict,* the defendant's motic⁻. [for judgment of acquittal] may be made or renewed within a certain time, set by statute or rule, after discharge of the jury or within such further time as the court may fix. Such a motion is not barred by defendant's failure to make a similar motion prior to the submission of the case to the. jury. [Emphasis added.]

[2] FR Crim P 29(c) (emphasis added), upon which 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(c) is "patterned," provides as follows:

(c) Motion After Discharge of Jury. If the jury returns a verdict of guilty *or is discharged without having returned a verdict,* a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period. If a verdict of guilty is returned the court may on such motion set aside the verdict and enter judgment of acquittal. *If no verdict is returned the court may enter judgment of acquittal.* It shall not be necessary to the making of such a motion that a similar motion has been made prior to the submission of the case to the jury.

[3] MCR 6.419 provides as follows:

(A) Before Submission to Jury. After the prosecutor has rested the prosecution's case in chief and before the defendant presents proofs, the court on its own initiative may, or on the defendant's motion must, direct a verdict of acquittal on any charged offense as to which the evidence is insufficient to support conviction. The court may not reserve decision on the defendant's motion. If the defendant's motion is made after the defendant presents proofs, the court may reserve decision on the motion, submit the case to the jury, and decide the motion before or after the jury has completed its deliberations.

(B) After Jury Verdict. After a jury verdict, the defendant may file an original or renewed motion for directed verdict of acquittal in the same manner as provided by MCR 6.431(A) for filing a motion for a new trial.

(C) Conditional New Trial Ruling. If the court grants a directed verdict of acquittal after the jury has returned a guilty verdict, it must also conditionally rule on any motion for a new trial by determining whether it would grant the motion if the directed verdict of acquittal is vacated or reversed.

grant a trial court the authority to grant a motion for a directed verdict brought after the declaration of a mistrial on the basis of a hung jury. The rules of statutory construction also apply to court rules. *People v McCoy,* 189 Mich App 201, 204; 471 NW2d 648 (1991). Where statutory language deviates from the language of a model act, such deviation is presumed to be deliberate. *In re Childress Trust,* 194 Mich App 319, 326; 486 NW2d 141 (1992); see also *People v Pigula,* 202 Mich App 87, 90; 507 NW2d 810 (1993). Similarly, the omission of a provision in one part of a statute that is included in another part is construed as intentional. *Farrington v Total Petroleum, Inc,* 442 Mich 201, 210; 501 NW2d 76 (1993). While the ABA Standard upon which MCR 6.419 is based is neither a model act, 1 ABA Standards for Criminal Justice (2d ed), Introduction, pp xix-xx, nor a statute, the general rule of construction, that where language deviates from or omits portions of its source such alterations are deemed to have been intentional, would appear to be applicable to situations such as the present one.

In the present case, the majority has concluded that, because the primary and secondary sources of MCR 6.419, that is, 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(c), and FR Crim P 29(c), contain provisions allowing trial courts to grant motions such as that in issue, MCR 6.419 must be construed similarly despite the fact that it contains no such provision. Such a holding is plainly contrary to the general rule set forth above that all deviations and omissions are

(D) Explanation of Rulings on Record. The court must state orally on the record or in a written ruling made a part of the record its reasons for granting or denying a motion for a directed verdict of acquittal and for conditionally granting or denying a motion for a new trial.

deemed to be deliberate and intentional. *Childress Trust, supra; Pigula, supra; Farrington, supra.* The duty of this Court is to interpret the court rule as written. See *Jennings v Southwood,* 446 Mich 125, 142; 521 NW2d 230 (1994). Therefore, in accordance with commonly accepted principles of statutory construction, MCR 6.419 may not be construed to grant a trial court the authority to grant a motion for a directed verdict brought after the declaration of a mistrial on the basis of a hung jury where inclusion of a provision to that effect was deliberately and intentionally rejected by the Supreme Court.[4]

II

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Wilcox,* 183 Mich App 616, 620; 456 NW2d 421 (1990). Because the parallel Double Jeopardy Clauses are "substantially identical," *People v Bush,* 187 Mich App 316, 322; 466 NW2d 736 (1991), rev'd in part on other grounds sub nom *People v Harding,* 443 Mich 693; 506 NW2d 482 (1993), the two are often analyzed simultaneously. See, e.g., *People v Passeno,* 195 Mich App 91, 95; 489 NW2d 152 (1992).

In the context of a jury trial, jeopardy generally attaches at the time the jury is impaneled and sworn. *People v Little,* 180 Mich App 19, 22; 446 NW2d 566 (1989). Once jeopardy attaches, the

---

[4] The majority's exaltation of one adverbial phrase contained in MCR 6.419(A)—the "before or after the jury has completed its deliberations" language—as justification for its conclusion is equally indefensible. Considering the entire sentence, it is clear that the subrule encompasses only motions brought before the case is submitted to the jury. Further, the majority, in a footnote, waives the predicate requirement that the trial court reserve decision on the motion. Such construction is patently untenable.

defendant has a constitutional right to have the prosecution completed by that tribunal. *United States v Jorn,* 400 US 470, 479; 91 S Ct 547; 27 L Ed 2d 543 (1971). Unless the defendant "consents to the trial's interruption or . . . a mistrial occurs because of manifest necessity, the state is precluded from bringing him to trial again." *Little, supra,* p 22. Significantly, a hung jury has been held to constitute "manifest necessity," and, accordingly, retrial of a defendant after a mistrial is declared on the basis of a hung jury does not implicate double jeopardy concerns. *People v Daniels,* 192 Mich App 658, 663; 482 NW2d 176 (1992).

In the present case, the trial court found that the jury was deadlocked, and declared a mistrial. Several weeks later, defendant brought a motion for a directed verdict of acquittal, which the trial court granted.

Retrial after an acquittal based upon insufficient evidence is prohibited; our Supreme Court has stated that this prohibition is nothing short of "absolute." *People v Anderson,* 409 Mich 474, 492; 295 NW2d 482 (1980), citing *Fong Foo v United States,* 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962). However, also in the *Anderson* opinion, our Supreme Court emphasized that the denomination of a trial court's decision, whether it is termed an acquittal or something other than an acquittal, is not significant. The significance lies in the substance of the trial court's decision. *Anderson, supra,* pp 486-487, states the following:

> The determination of what the judge did, however, does not turn on how the judge characterizes his actions. "[T]he trial judge's characterization of his own actions cannot control the classification of the action."[24] What constitutes an "acquittal" is not controlled by the form of the judge's action.[25]
>
> To decide how a trial judge's action should be

characterized, the reviewing court "must determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged".[26] There is an acquittal and retrial is impermissible when the judge "evaluated the Government's evidence and determined that it was legally insufficient to sustain a conviction.[27]

---

[24] *United States v Scott* [437 US 82, 96; 98 S Ct 2187; 57 L Ed 2d 65 (1978)], quoting *United States v Jorn* [400 US 470, 478, n 7; 91 S Ct 547; 27 L Ed 2d 543 (1971) (plurality opinion)]. See *United States v Martin Linen Supply Co* [430 US 564, 571; 97 S Ct 1349; 51 L Ed 2d 642 (1977)].

In the following cases the trial judge's characterization was held not to be controlling in determining whether there had been an acquittal: *United States v Appawoo,* 553 F2d 1242 (CA 10, 1977) (trial judge's "acquittal" held not an acquittal for double jeopardy purposes); *United States v Hill,* 473 F2d 759 (CA 9, 1973) (dismissal of indictment held to be an acquittal for double jeopardy purposes). See, also, *United States v Sisson,* 399 US 267; 90 S Ct 2117; 26 L Ed 2d 608 (1970) (post-trial order in arrest of judgment held to be an acquittal, based on now repudiated definition of double jeopardy "acquittal").

[25] *United States v Martin Linen Supply Co, supra,* p 571.

[26] *Id.*

[27] *Id.,* p 572. See *People v Hampton,* 407 Mich 354, 385-386; 285 NW2d 284 (1979) (Ryan, J.).

---

In sum, where it is contended that a prior decision of a trial court constituted the acquittal of a defendant, thereby barring his retrial, the reviewing court is burdened with looking beyond mere nomenclature. *Id.* An order that is termed other than an acquittal may, in fact, have been based upon a finding of the insufficiency of the evidence and thereby constitute an acquittal. See *United States v Hill, supra; Anderson, supra,* pp 487-494. In such a situation, the defendant may not be retried without placing him twice in jeopardy. Conversely, an order that is termed an "acquittal" may, in fact, have been based on grounds other than the insufficiency of the evidence. See *United States v Appawoo, supra; United States v*

*Mackins,* 32 F3d 134, 137-139 (CA 4, 1994); *United States v Council,* 973 F2d 251, 253-254 (CA 4, 1992). In such a situation, to retry the defendant does not constitute double jeopardy because the defendant's initial jeopardy has not been terminated.

III

Turning then to the case presently before this Court, the trial court was without authority to grant defendant's motion for a directed verdict of acquittal pursuant to MCR 6.419 where the motion was brought after the declaration of a mistrial on the basis of a hung jury. Had defendant been prosecuted in federal court, such a motion would have been proper pursuant to FR Crim P 29(c). Had our Supreme Court adopted 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5 in its entirety, such a motion would have been proper. However, in promulgating MCR 6.419, our Supreme Court first reviewed the ABA Standards, staff comment to MCR 6.419, and then deliberately and intentionally, *In re Childress Trust, supra; Farrington, supra,* chose to exclude the provision contained in those standards that expressly allowed motions for a directed verdict brought after the declaration of a mistrial based on a hung jury. 3 ABA Standards for Criminal Justice (2d ed), Standard 15-3.5(c). Given this, one may not reasonably impute an intent on the part of the Supreme Court to include that which they intentionally excluded.

Defendant contends that, regardless of the propriety of the trial court's action in granting the tardy motion for a directed verdict of acquittal, he has been acquitted, and that to retry him would violate his constitutional right to be free from

being prosecuted twice for the same actions. US Const, Am V; Const 1963, art 1, § 15. However, "the trial judge's characterization of his actions cannot control the classification of his action." *Anderson, supra,* p 486 (internal quotation marks and citation omitted). We must look beyond the title of the order and "determine whether the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *Id.* (Internal citation omitted.) After meticulous review of the statements of the trial court and the transcript of the trial, I conclude that the trial court's nominal order of acquittal was not based on the sufficiency of the evidence, and is not, therefore, an acquittal.

Defendant was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b(1) (f); MSA 28.788(2)(1)(f). The statute provides:

> (1) A person is guilty of criminal sexual conduct in the first degree if he or she engages in sexual penetration with another person and if . . .
>
> \* \* \*
>
> (f) The actor causes personal injury to the victim and force or coercion is used to accomplish sexual penetration.

"Sexual penetration" is defined in MCL 750.520a(l); MSA 28.788(1)(l), in relevant part, to mean "sexual intercourse . . . or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body." "Force or coercion" is defined in MCL 750.520b1(f)(i); MSA 28.788(2)(1)(f) (i) to include the situation where "the actor overcomes the victim through the actual application of physical force or physical violence."

A directed verdict of acquittal is appropriate where, considering all the evidence presented at the time of the motion in the light most favorable to the prosecution, no rational trier of fact could find that the essential elements of the crime or crimes charged were proved beyond a reasonable doubt. *People v Wolfe,* 440 Mich 508, 515; 489 NW2d 748 (1992). "Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime." *People v Jolly,* 442 Mich 458, 466; 502 NW2d 177 (1993).

Therefore, a directed verdict of acquittal would have been appropriate with respect to the first count of the criminal complaint if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that defendant physically overcame the complainant, causing her physical injury, in a successful attempt to insert his penis into her vagina. With respect to the second count, a directed verdict would have been appropriate if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found that defendant physically overcame the complainant, causing her physical injury, in a successful attempt to insert an object into her vagina.

Upon defendant's motion, the trial court directed a verdict of acquittal. However, as summarized by the majority, the trial court based the order upon an improper consideration, namely, the credibility of the complainant. See *People v Herbert,* 444 Mich 466, 473-474; 511 NW2d 654 (1993). Although a review of the record indicates the complainant's testimony was, in fact, marred by vagueness and inconsistency, the assessment of the complainant's veracity was the province of the jury, not the court.

However, defendant may not avoid being retried

merely because he has a document signed by the trial court purporting to be a finding that the evidence was insufficient to convict, that is, an order nominally directing a verdict of acquittal. This Court must review the record and independently determine whether the trial court, in fact, found the evidence to be insufficient. *Anderson, supra,* pp 486-487. If a trial court "issues without precision what it labels as a judgment of acquittal, but the record . . . shows that the judgment is based on other than the issue of insufficiency of the evidence," *United States v Mackins, supra,* p 138, the order may not be considered an acquittal for double jeopardy purposes. While, at first blush, it may appear counterintuitive, the trial court's finding in the instant case that the complainant was incredible was not a finding that the evidence was insufficient.

It is commonplace that, when determining whether sufficient evidence exists to support a conviction, both the trial court and the reviewing court must consider *all* the evidence. *Wolfe, supra; Lockhart .v Nelson,* 488 US 33, 40; 109 S Ct 285; 102 L Ed 2d 265 (1988). Here, the complainant was not the only source of evidence. The prosecution presented seven witnesses other than the complainant, as well as fifteen exhibits. The trial court found that the complainant was not credible. However, even disregarding the complainant's testimony entirely, the remaining evidence, and the reasonable inferences that may be drawn therefrom, *Jolly, supra,* when viewed in the light most favorable to the prosecution, *Wolfe, supra,* was sufficient to allow a reasonable trier of fact to conclude that all the elements of the crimes charged had been proved beyond a reasonable doubt.

The complainant's ten-year-old son, who was in

complainant's domicile at the time of the events in question, testified that defendant was present at that time. He further testified that he heard the complainant's sobs and cries for help, as well as defendant's angry shouts. A police officer testified that he found fluid stains on the sofa where the alleged assault took place, as well as in the crotch of the pants the complainant put on after the alleged assault. The officer also found a plastic sexual aid, photographs of which were admitted into evidence. A forensic serologist testified that the fluid was semen and that approximately one-third of the Caucasian, male population could have produced the semen. Defendant was among that one-third. A registered nurse testified that the complainant had a welt on her head and complained of pain in her forehead and her shoulder, among other places. A photograph of the complainant's bruised neck and elbow was admitted into evidence. Finally, no fewer than four witnesses testified that the complainant stated that she had been forcibly raped by defendant, and two witnesses testified that the complainant stated that defendant had forced the sexual aid into her vagina.

Viewing the above circumstantial evidence in the light most favorable to the prosecution and drawing only reasonable inferences therefrom, a rational finder of fact could conclude that the elements of the crimes charged were proved beyond a reasonable doubt. With respect to the first count of the complaint, the one alleging penile-vaginal penetration, from the semen stain in the crotch of the complainant's pants, one could infer that she had been sexually penetrated; from defendant's location on the scene and the testimony of the forensic serologist, one could infer that defendant had contributed the semen; from the complainant's cries and the defendant's shouts, as well as from complainant's injuries, one could infer

that the sexual penetration had been forced;
finally, from the photograph of the complainant's
injuries, one could infer that she suffered personal
injury as a result of defendant's actions.

While the evidence with respect to the second
count of the complaint, the one alleging penetra-
tion with an object, is weaker than that adduced
for the first count where the testimony of the
complainant is disregarded, it is, nonetheless, suffi-
cient to withstand a motion for a directed verdict.
The evidence set forth in the preceding paragraph
would be sufficient to establish all the elements
except that of penetration with an object. How-
ever, considering the proximity of the sexual aid to
the scene of the alleged offense, coupled with the
testimony of the two witnesses who related that
the complainant claimed the defendant forcibly
penetrated her with it, a reasonable finder of fact
could conclude that the essential elements had
been proved.

The evidence set forth above would not be over-
whelming. However, evidence need not be over-
whelming to withstand a motion for a directed
verdict. *Wolfe, supra.* Further, given that prosecu-
tions for sexual misconduct in domestic situations
are frequently successful where the complaining
witness refuses to testify or even recants her ini-
tial account of the events and testifies for the
defense, it would be difficult to conclude that the
evidence in the present case, discounting the com-
plainant's testimony, was insufficient without con-
cluding that virtually all prosecutions for sexual
misconduct where the complainant refuses to tes-
tify suffer from legally insufficient evidence.

Therefore, the trial court's ruling that the com-
plaining witness in the present case was incredible
may not be taken to be a finding that the evidence
was insufficient where sufficient evidence to sup-
port convictions would have existed had the com-

plainant's testimony been disregarded entirely.[5]
Rather, the trial court's ruling was relevant to the
weight of the evidence, not to its sufficiency.
Therefore, pursuant to *Anderson,* an independent
review of the record discloses that the trial court's
acquittal was not, in fact, an acquittal because it
was not based upon a finding that the evidence
was insufficient. Because of this, retrial of defen-
dant is not barred by the Double Jeopardy Clauses
of the federal and state constitutions.

I would find merit to the prosecutor's appeal,
vacate the order directing a verdict of acquittal,
and remand.

---

[5] The case of *Fong Foo v United States,* 369 US 141, 143; 82 S Ct
671; 7 L Ed 2d 629 (1962), which the majority cites for the proposition
that a "judge's entry of judgments of acquittal after determining,
among other things, that government's witnesses were not credible,
although erroneous, barred a retrial," does not control the present
case. In *Fong Foo, supra,* pp 144-145 (CLARK, J., dissenting), a federal
district court granted a directed verdict of acquittal after finding that
*all* the prosecution's material witnesses that had then been presented
were not credible. The United States Supreme Court held this to be a
finding, though erroneous, that the evidence was insufficient to con-
vict, and ruled that retrial was barred. In the case at bar, the trial
court found only one witness to be incredible, and, as set forth above
and in contrast to *Fong Foo,* sufficient evidence existed even were
that particular witness' testimony to be discounted entirely.