# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RUBEN SANDOVAL,

        Defendant-Appellant.

UNPUBLISHED
June 11, 2015

No. 321150
Van Buren Circuit Court
LC No. 13-063560-AR

Before: HOEKSTRA, P.J., and O'CONNELL and MURRAY, JJ.

PER CURIAM.

Following a jury trial in district court, defendant was convicted of operating a commercial motor vehicle with a blood alcohol level (BAL) of 0.04 or more but less than 0.08. MCL 257.625m(1). The district court subsequently granted a directed verdict of acquittal. On plaintiff's appeal of right, the circuit court reversed the district court's grant of a directed verdict of acquittal and reinstated the jury's guilty verdict. Defendant appeals by leave granted. We affirm.

## I. BASIC FACTS

Jose Patino, a police officer with the Michigan State Police Department, was driving westbound on I-94 in Van Buren County at approximately 8:00 a.m. on January 30, 2013, when he saw a tractor-trailer ahead of him swerve over the middle line and then into the shoulder of the highway. Patino pulled the truck over. Defendant was the driver of the truck. Patino smelled fresh beer in the passenger compartment and then found a cup of beer in the compartment, suggesting to him that defendant was drinking beer while driving. Patino also found empty and full beer cans in the passenger compartment. Testing of defendant's blood, drawn approximately one hour after Patino pulled defendant over, revealed that his BAL was 0.11.

Defendant was charged pursuant to MCL 257.625m(1), which prohibits operating a commercial vehicle with a BAL "of 0.04 grams or more but less than 0.08 grams . . . ." MCL 257.625m(1). After the jury rendered its guilty verdict, the district court interpreted MCL 257.625m(1) to require a BAL of less than 0.08 for conviction. Because evidence showed that defendant's BAL was 0.11 and not less than 0.08, the district court granted defendant's motion for a directed verdict of acquittal. On appeal, the circuit court agreed with the district court that

the conviction under MCL 257.625m(1) required evidence that would allow a finding that defendant drove his truck with a BAL of at least 0.04 but less than 0.08. But, the circuit court reversed the district court's directed verdict and reinstated the jury's verdict of guilty after it concluded that there was sufficient evidence from which the jury could infer that defendant drove his truck with a BAL of 0.04 but less than 0.08.

## II. ANALYSIS

First, defendant argues that the circuit court lacked jurisdiction to hear the prosecution's appeal. The prosecution can file an appeal only "as provided by statute." *People v Torres*, 452 Mich 43, 51; 549 NW2d 540 (1996), citing MCL 770.12. "Appeals to circuit court are specifically authorized under MCL 600.8342 . . . ." *People v Goecke*, 457 Mich 442, 457 n 11; 579 NW2d 868 (1998). MCL 600.8342(2) states that "all appeals [to circuit court] from final judgments [of a district court] shall be as of right . . ." MCL 600.8342(2). In addition, MCR 7.103(A)(1) provides that: "The circuit court has jurisdiction of an appeal of right filed by an aggrieved party from the following: (1) a final judgment or final order of a district or municipal court . . . ." Additionally, MCL 770.12 states in relevant part as follows:

> (1) Except as provided in subsection (2), the people of this state may take an appeal of right in a criminal case, if the protection against double jeopardy under section 15 of article I of the state constitution of 1963 and amendment V of the constitution of the United States would not bar further proceedings against the defendant, from either of the following:
>
> (a) A final judgment or final order of the circuit court or recorder's court, except a judgment or order of the circuit court or recorder's court on appeal from any other court.
>
> (b) A final judgment or order of a court or tribunal from which appeal of right has been established by law.

The district court granted defendant's motion for directed verdict, and an acquittal based on a directed verdict is a final judgment. *People v Nix (After Remand)*, 208 Mich App 648, 649-650; 528 NW2d 208 (1995). Pursuant to statute and court rule, appeals to the circuit court from final judgments of the district court are as of right. MCL 600.8342(2); MCR 7.103(A)(1). And, the prosecution is permitted by law to appeal a "final judgment or order of a court or tribunal from which appeal of right has been established by law." MCL 770.12(1)(b). Therefore, the circuit court had jurisdiction over the prosecution's appeal of the district court's grant of defendant's motion for directed verdict if the protection against double jeopardy would not bar further proceedings against defendant. *Nix*, 208 Mich App at 649-650; MCL 600.8342(2); MCL 770.12(1)(b); MCR 7.103(A)(1).

The prosecution's appeal to the circuit court was not barred by the Double Jeopardy Clauses of the Michigan and United States Constitutions. The Fifth Amendment of the United States Constitution states that "[n]o person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . ." US Const, Am V. And, Const 1963, art 1, § 15 states that "[n]o person shall be subject for the same offense to be twice put in jeopardy." The Double Jeopardy

Clauses of the Michigan and United States Constitutions are construed consistently with each other. *People v Szalma*, 487 Mich 708, 716; 790 NW2d 662 (2010). These Double Jeopardy Clauses protect a person from being twice placed in jeopardy for the same offense in order to prevent the state from making repeated attempts at convicting an individual for an alleged crime. *Torres*, 452 Mich at 63.

The constitutional protections against double jeopardy preclude "retrial following a court-decreed acquittal, even if the acquittal is 'based upon an egregiously erroneous foundation.' " *Evans v Michigan*, __ US __; 133 S Ct 1069, 1074; 185 L Ed 2d 124 (2013), quoting *Fong Foo v United States*, 369 US 141, 143; 82 S Ct 671; 7 L Ed 2d 629 (1962). However, "[i]f a court grants a motion to acquit after the jury has convicted, there is no double jeopardy barrier to an appeal by the government from the court's acquittal, because reversal would result in reinstatement of the jury verdict of guilt, not a new trial." *Evans*, 133 S Ct at 1081 n 9. See also *People v Anderson*, 409 Mich 474, 483-484; 295 NW2d 482 (1980).

In this case, the district court granted defendant's motion for a directed verdict of acquittal after the jury found defendant guilty. On appeal, the prosecution sought to reinstate the jury's guilty verdict rather than to retry defendant. Therefore, the Double Jeopardy Clauses of the United States and Michigan Constitutions did not bar the prosecution's appeal. *Evans*, 133 S Ct at 1081 n 9; *Anderson*, 409 Mich at 483-484.[1]

Defendant does not make any argument regarding sufficiency of the evidence, which was the issue on which the circuit court decided the case. "When an appellant fails to dispute the basis of the trial court's ruling, '[t]his Court . . . need not even consider granting plaintiffs the relief they seek.' " See *Derderian v Genesys Health Care Sys*, 263 Mich App 364, 381; 689 NW2d 145 (2004), quoting *Joerger v Gordon Food Serv, Inc*, 224 Mich App 167, 175; 568 NW2d 365 (1997). In any event, we agree with the circuit court that a reasonable inference can be made from the evidence that defendant was operating the vehicle with a BAL between .04 and .08.

---

[1] Finally, defendant argues that the district court correctly interpreted MCL 257.625m(1) as requiring a BAL of less than 0.08 for conviction and that the district court did not violate the prosecution's discretion regarding under what statute defendant should be charged. However, the circuit court agreed with defendant's and the district court's interpretation of MCL 257.625m(1) and made no determination regarding any alleged violation by the district court of the prosecution's charging discretion. Rather, the circuit court's reversal of the district court's directed verdict and reinstatement of the jury's verdict of guilty was based solely on the conclusion that there was sufficient evidence for the jury to find that defendant drove his truck with a BAL of at least 0.04 but less than 0.08. Therefore, defendant's arguments regarding statutory interpretation and the district court's alleged violation of the prosecution's charging discretion are irrelevant and this Court will not address them. *People v Conat*, 238 Mich App 134, 145; 605 NW2d 49 (1999).

Affirmed.

/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell
/s/ Christopher M. Murray